40625.   SMITH v. NOXON RUG MILLS, INC. et al.

Decided May 6, 1964—Rehearing denied May 18, 1964.

726

*Greene, Neely, Buckley & DeRieux, McCamy, Minor, Vining & Phillips, John Minor, III,* for plaintiff in error.

*Pittman & Kinney, H. E. Kinney, Goins, Gammon, Baker & Robinson, Mitchell & Mitchell, D. W. Mitchell,* contra.

NICHOLS, Presiding Judge. The defendant Smith contends in support of the general grounds of his motion for new trial, as well as in support of his motion for a judgment non obstante veredicto, that the evidence shows that the plaintiff's damages were caused by the negligence of the defendants Thomason and Hackney. It is contended that if these defendants were independent contractors the defendant Smith cannot be held liable for their negligence since the work done does not come within any exception stated by *Code* § 105-502, and if they were merely employees of Smith then the verdict exonerating Thomason and Hackney and finding against him is illegal under the line of decisions exemplified by *Southern R. Co. v. Harbin,* 135 Ga. 122 (68 SE 1103, 30 LRA (NS) 404, 21 AC 1011), which hold that in an action against a master and his servant for the negligence of the servant, a verdict against the master and in favor of the servant cannot stand.

The plaintiff's action was based on the concurrent negligence of the defendants and, while the defendant Smith contended that the plaintiff's damages were caused by the negligence of Thomason and Hackney as independent contractors and Thomason & Hackney, the partnership defendant, contended that it was employed and the work was done by its servants under the direction and supervision of the defendant Smith so as to make its employees the special employees of the defendant Smith, the evidence adduced on the trial of the case did not demand a finding on the theory contended for by either defendant.

The evidence adduced on the trial authorized a finding that the partnership was employed to raise the level of the lot next to the building occupied by the plaintiff to a certain level as marked by the defendant Smith. The evidence showed that the partnership defendant did exactly what they were hired to do and the evidence did not disclose that by following the instruc-

tions of the defendant Smith they were following specifications that were so apparently and obviously defective as to put them on notice that the work was dangerous or likely to cause injury and that they should not attempt to do such work according to such specifications. See generally as to the right of a subcontractor to follow the plans and specifications furnished by a general contractor, 65 CJS 615, Negligence, § 96. See also *Bell & Son v. Kidd & Roberts*, 5 Ga. App. 518, supra.

Under the record in the case sub judice the general contractor had apparently performed some work on the contract prior to the time the defendant partnership was employed by him to do the specific work which it did according to the instructions given by the general contractor Smith. The evidence in the record does not demand a finding that the defendant partnership followed any plan or specification which it knew or should have known was defective or likely to cause injury or damage to third parties if followed. The evidence authorized the verdict, and the trial court did not err in overruling the general grounds of the motion for new trial or the motion for a judgment non obstante veredicto.

■ Special ground 3 complains of an excerpt from the charge wherein the trial court instructed the jury as to three of the exceptions provided by *Code* § 105-502 to the rule laid down by *Code* § 105-501 that an employer is not responsible for the torts of an independent contractor. The exceptions charged were those provided by subparagraphs 2, 5 and 6 of *Code* § 105-502. In such special ground the defendant Smith separately assigns error on each of the exceptions charged because there was no evidence adduced to support such exception.

While the evidence adduced on the trial of the case supported the charge as to the defendant Smith retaining the right to control the time, manner, etc., and as to ratification, the evidence did not support the charge which authorized the jury to find that the work done under the contract between the defendant Smith and the partnership defendant was of such a nature as to be dangerous to others however carefully performed. Under the decision of the Supreme Court in *Louisville &c. R. Co. v. Hughes*, 143 Ga. 206 (1c) (84 SE 451), the charge on an inapplicable ex-

ception to the general rule laid down in *Code* § 105-501, supra, is error. In view of this holding what is complained of in the first special ground of the motion for new trial will probably not recur on another trial and therefore will not be passed upon.

■ Special ground 2 complains of the failure of the court to charge the jury "Every person shall be liable for torts committed by his servant within the scope of his business, whether the same shall be by negligence or voluntary," and "The master cannot be solely liable where the tort is committed negligently by his servant within the scope of the master's business." It is submitted that both the pleadings and evidence raised such issue and that it was error to fail to so instruct the jury even without request.

The defendant relies upon cases exemplified by *Southern R. Co. v. Harbin,* 135 Ga. 122, supra, wherein it is held in an action against the railroad and its engineer, that the verdict absolving the engineer and finding the defendant railroad liable could not stand where the sole acts of negligence against the railroad were acts imputable to it under the doctrine of respondeat superior. Such case is not authority for the charge insisted upon in the present case where the plea of the partnership defendant relied upon by the defendant Smith alleged in effect that its servants, who were not parties to the cause of action, were the special servants or employees of the defendant Smith. Such plea did not allege that the partnership defendant was the servant of the defendant Smith, and the employees alleged to be special servants of the defendant Smith were not parties to the action. The second sentence of such charge was not required under the pleadings and evidence and the trial court did not err in failing to give such charge to the jury.

In view of the ruling in Division 2 the judgment overruling the motion for new trial must be reversed.

*Judgments affirmed in part; reversed in part. Hall and Russell, JJ., concur.*