44847. BERRY v. CORDELL et al.
44848. BERRY et al. v. CITY OF DALTON et al.
44849. INSURANCE COMPANY OF NORTH AMERICA v. CITY OF DALTON et al.

ARGUED OCTOBER 8, 1969—DECIDED DECEMBER 4, 1969—
REHEARING DENIED DECEMBER 18, 1969—

846

*Pittman & Kinney, L. Hugh Kemp,* for Berry.

*McCamy, Minor, Phillips & Tuggle, Carlton McCamy,* for City of Dalton.

*Mitchell & Mitchell, Coy H. Temples,* for Cordell.

*Milligan, Hooper & Harris, Fred M. Milligan,* for Ins. Co. of N. A.

HALL, Presiding Judge. ■ The trial court did not err in denying Berry's motion for summary judgment on the cross claim against its co-defendant, the City of Dalton, in the original tort action. The grounds for this motion are essentially that the back-hoe operator was, at the time of the alleged act of negligence, an employee of the city under both the borrowed servant and inherently dangerous work doctrines (*Code* § 105-502), thus relieving Berry from any vicarious liability. On the borrowed servant issue there was conflicting evidence on the extent, if any, of the direction and control exercised by the city over the operator. *Fulghum Industries v. Pollard Lumber Co.,* 106 Ga. App. 49 (126 SE2d 432); *Harvey v. C. W. Matthews Constr. Co.,* 114 Ga. App. 866 (3) (152 SE2d 809). The fallacy of its argument on the inherently dangerous work doctrine is that the purpose of this doctrine is to allow a plaintiff to bring the employer in as *another* defendant, not to

take the independent contractor out of the case. See 41 Am. Jur. 2d § 41, Independent Contractors.

A party defendant may cross claim against another defendant under 'Code Ann. § 81A-113 (g). However, the question of primary liability, as between Berry and the city, is not a matter for decision at this point. They are sued as joint tortfeasors and one cannot have judgment against the other prior to the determination of the plaintiffs' suit. The cross claim can be tried in the original action or in a subsequent separate trial. Code Ann. § 81A-142.

■ The trial court did not err in dismissing the Berry and Hartford cross and counterclaims or in denying their motions for summary judgment in the declaratory judgment action. For the reasons stated in Division 1, neither is entitled to an adjudication of the question of primary liability as between Berry and the city or of the question of no liability. See also *Darnell v. Tate*, 206 Ga. 576 (2) (58 SE2d 160). Berry contends further that it is an additional insured under the INA policy with the city. The insurance policy lists as "Persons and Entities Insured" the named insured, its executive officers, directors, stockholders or appointed officials while acting within the scope of their duties, any person (other than an employee of the named insured) or organization when acting as a real estate manager for the named insured, and any person operating city-owned mobile equipment with the city's permission. Berry does not come within any of the above provisions.

■ The insurance policy under consideration states that "INA will pay on behalf of the insured [The Water, Light and Sinking Fund Commission of Dalton, Georgia] all sums which the insured shall become legally obligated to pay as damages because of A. bodily injury or B. property damage to which this insurance applies, caused by an occurrence. . ." The "business of the named insured" is described as "distribution and sale of natural gas." The policy further states that "This insurance does not apply: (c) to injury arising out of operation of the named insured as a water utility or an electric utility."

INA contends that the cause of the explosion was clearly the striking of the gas line by the back-hoe; that this equipment

was being operated to assist the city water crew in digging for a water pipe; and therefore the occurrence arose out of the operation of the water utility. Since such an occurrence is specifically excluded by the policy, INA contends the court erred in its declaration of coverage.

The city argues that the intent of the policy was to insure against the normal hazards of the business of distributing natural gas; that an explosion is just such a hazard; and that the particular reason why an interchangeable city crew was digging in the street is immaterial.

The trial court's order stated that the explosion was an occurrence insured against in the policy; that it arose out of the sale and distribution of natural gas; and that INA is obligated to defend the city in the tort action and is liable to and obligated to pay any sums the city may be found obligated to pay in the said action. INA appeals from this order.

It is important to note in the beginning that the question at issue is the construction of a *liability* insurance policy covering an occurrence in the distribution and sale of gas and expressly excluding the operation of a water or electric utility. This means that before the insurance is payable, there must first be a finding that the city, as a gas utility, is liable for damages. Under the trial court's construction of the policy, INA would be obligated to pay damages for any gas explosion even if the sole proximate cause of the injury was the negligence of the city in its operation as a water or electric utility. The exclusionary provisions of the policy are rendered nugatory by this ruling. It is our opinion that under the proper construction of the policy, INA will be obligated only if an act of negligence in the city's gas operations is found to contribute to the proximate cause of the injury. See City of Poplar Bluff v. New Amsterdam Casualty Co., 386 F2d 172. There the court found no coverage where the property of the insured city department was the instrumentality causing the injury but the proximate cause was the negligence of an employee of another, uninsured, department.

Proximate cause is a matter which should normally be decided in the original tort suit, with perhaps the use of special verdicts. *Code Ann.* § 81A-149. See also *Associated Petroleum*

*Carriers v. Pan American Fire &c. Co.,* 117 Ga. App. 714, 715 (161 SE2d 411). However, since the parties have stipulated that the court could decide this issue of fact, the case is reversed and remanded in order that the trial court, if it sees fit, may make a finding of fact as to the specific act or acts of negligence which were the proximate cause of injury. Upon this finding it may then declare the rights of the parties under the liability insurance policy. Alternatively, the court may decide that there are several possible contributing causes and that a jury should make the determination. In this event, the question of coverage would remain open, pending a special verdict on this point.

*Judgment affirmed in Case No. 44847. Judgment affirmed in Case No. 44848. Judgment reversed and case remanded in Case No. 44849. Pannell and Quillian, JJ., concur.*