50838. PPG INDUSTRIES, INC. v. GENSON et al.
50839. CHARLES H. HARDIN CONSTRUCTION
COMPANY v. GENSON et al.

WEBB, Judge.

This is an action brought by Earl Genson, individually and as administrator of the estate of Jan Genson, his deceased minor son, against The Varsity, Inc., seeking to recover for various items of damage resulting from the death of Jan. Plaintiff alleged that on February 14, 1970, while an invitee on the overhead bridge on the Varsity's premises in Atlanta, Jan "was pushed, shoved, knocked and thrown against a glass wall which gave way, causing him to fall from the upper parking level onto the ground level approximately 18 feet below." It was alleged that the Varsity was negligent, inter alia, "in failing to provide and maintain a wall of sufficient strength to support the weight of the plaintiff without breaking or giving way," and "in failing to install and maintain a protective guard railing, properly located and of sufficient strength."

The Varsity moved for summary judgment, which was granted; and in a prior appeal we reversed, holding that it had failed to carry its summary judgment burden. *Genson v. The Varsity, Inc.,* 129 Ga. App. 721 (201 SE2d 156), cert. den. For another glass case, see *Moody v. Southland Investment Corp.,* 126 Ga. App. 225 (190 SE2d 578). Meanwhile the Varsity filed its third party

complaint against Jules Gray, the architect for the overhead bridge; William E. Edwards Structural Engineers, Inc.; Charles H. Hardin Construction Company, the general contractor; and PPG Industries Inc., the glass subcontractor. It was alleged that Hardin was negligent in the construction of the overhead bridge and in failing to supervise and inspect its construction. PPG was alleged to be negligent in the installation of the glass walls, and it was also asserted that it had breached an implied warrant of merchantability as to the glass used. Uniform Commercial Code § 109A-2—314. Various parties also asserted cross claims against various other parties, each contending that the rest were liable over to the cross claimant.

Hardin and PPG moved for summary judgment, which was denied in a single order; and that ruling is before us via certificate for immediate review. The record shows that the Varsity, pursuant to written contract, hired Hardin to perform the construction of the overhead bridge addition in accordance with the plans and instructions of the architect, who had been hired by the Varsity. Hardin in turn hired PPG, as subcontractor, to furnish the necessary labor, material and equipment for a complete glazing and aluminum covering installation, all according to plans prepared by the architect. The selection of PPG by Hardin met with the approval of the Varsity and the architect.

The plans of the architect, while providing for the dimensions of the glass panels, did not provide particular specifications for the type (i.e., safety vs. non-safety) and thickness of glass. These specifications appeared on the "shop drawings" prepared by PPG, which were submitted to Hardin and in turn to the architect for approval. These drawings, which did not specify safety glass, were approved by the architect on behalf of the Varsity; and thereafter the work was performed in strict compliance with the drawings, with industry standards, and with the building code requirements of the City of Atlanta, which at that time did not require safety glass. After completion the bridge was approved and accepted by the architect and the Varsity, which included the glass and its installation; and final payment was made to Hardin by the Varsity,

which was completely satisfied with the work.

1. The applicable statute of limitation on the contract claim against PPG is four years, which began to run when the alleged breach occurred. Uniform Commercial Code § 109A-2—725. The breach occurred, if at all, when the glass was installed and accepted. *Everhart v. Rich's, Inc.,* 128 Ga. App. 319, 320 (2) (196 SE2d 475). Cf. *Wellston Co. v. Sam N. Hodges, Jr. & Co.,* 114 Ga. App. 424 (151 SE2d 481); *Chatham v. Clark Laundry, Inc.,* 126 Ga. App. 652, 654 (2) (191 SE2d 589); *Caroline Realty Investment, Inc. v. Kuniansky,* 127 Ga. App. 478, 482 (4) (194 SE2d 291); *Webb v. Lewis,* 133 Ga. App. 18, 20 (1) (209 SE2d 712). Since more than four years elapsed between the date of installation and acceptance and the filing of the third-party complaint, the contract claim is barred by the statute.

2. As to the negligence claim asserted against Hardin and PPG, we can find no basis for liability. "While, as a general rule, an independent contractor is liable for injuries caused by his own negligence or that of his servants in the course of his performance of the work or in failing to leave the premises in as safe a condition as they were found [cit.], it is a well established general rule that, where the work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection. [Cits.] There are, of course, well recognized exceptions to this general rule. One such exception is that the contractor is liable where the work is a nuisance per se, or inherently or intrinsically dangerous. Another is that the contractor is liable where the work done and turned over by him is so negligently defective as to be imminently dangerous to third persons. [Cits.] If the work performed by the contractor is not shown to come within one of the exceptions to the general rule, when the work is finished by him and accepted by his employer, the liability of the former generally ceases and the employer becomes answerable for damages which may thereafter accrue

from the defective condition of the work. [Cits.]" *Queen v. Craven,* 95 Ga. App. 178, 183-84 (97 SE2d 523).

"In determining whether an independent contractor is to be held liable for damages resulting from the work in connection with which he has been employed, and especially from acts of omission, it is usually necessary to look for guidance to the question whether the injury resulted from the improper plans or directions by which his employment was defined, or from the improper execution of work properly planned. In such cases, if it appears that the contractor has followed the plans and directions of his employer and injury has resulted, the employer, and not the contractor, is to be held liable. For unskilful or negligent execution of the work the contractor (and usually not the employer) is liable. . . It follows that if the landlord designs the construction of the work or outlines the nature of the repairs that are to be done, the independent contractor incurs no liability to the tenant for injuries resulting from improper construction or inadequacy of the repairs, if he follows the directions given him and is not guilty of negligence in the particular manner in which he performs the specific work he contracted to do." *Bell & Son v. Kidd & Roberts,* 5 Ga. App. 518, 520 (63 SE 607).

The Varsity does not contest these rules but seeks to escape them by contending, without citing any authority, that Hardin and PPG should have required the use of a stronger glass such as safety glass. However, it is clear that the Varsity and its architect had the power of final approval as to the plans and specifications — the contractor and subcontractor could not require them to do anything. Nor is there any issue of fact as to whether the glass company should have proposed a more expensive glass in the "shop drawings." The commercial reality is that PPG was offered the sum of $5,735 for the job, and PPG was entitled to propose, for the approval of the Varsity and its architect, the type of materials it intended to use for that sum.

We accordingly hold that Hardin and PPG have successfully carried their summary judgment burden.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

ARGUED JUNE 16, 1975 — DECIDED JUNE 25, 1975.

*Powell, Goldstein, Frazer & Murphy, Jerry B. Blackstock, John D. Lowery,* for PPG Industries, Inc.

*Henning, Chambers & Mabry, Walter B. Mc-Clelland, E. Speer Mabry,* for Charles H. Hardin Construction Co.

*John E. Dougherty, Ben L. Weinberg, Jr., David A. Handley, Walter B. McClelland, F. Clay Bush,* for appellees.