63796. SHETTER v. DAVIS BROTHERS, INC. et al.

SHULMAN, Presiding Judge.

Appellant was injured when he struck the bottom of a swimming pool into which he had just dived. He sued the owner of the pool and the builder, Artistic Pools, Inc., the appellee in this case. This appeal is from the grant of summary judgment to appellee. Appellant insists that questions of material fact exist. We agree and reverse the grant of summary judgment.

Appellee's motion was based on three grounds. One involved appellant's status (trespasser, invitee) and another involved questions of assumption of the risk and contributory negligence. On the record before us, it is clear that questions of fact remain concerning those questions. Therefore, the only issue presented for review is the other ground asserted by appellee in its motion, the acceptance of the swimming pool by the owner after its completion by appellee.

"[I]t is a well established general rule that, where the work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection. [Cits.] There are, of course, well recognized exceptions to this general rule. One such exception is that the contractor is liable where the work is a nuisance per se, or inherently or intrinsically dangerous. Another is that the contractor is liable where the work done and turned over by him is so negligently defective as to be imminently dangerous to third persons. [Cits.]" *PPG Industries v. Genson,* 135 Ga. App. 248, 250 (217 SE2d 479).

The allegations of negligence in this case are not that appellee

was negligent in the performance of the construction of the pool, but that the design of the pool was so defective that appellee, as builder, is liable for any injuries caused by that pool. Appellee contends that the *PPG* rule above stated, coupled with the undisputed evidence that appellee did not design the pool but built it in accordance with specifications provided by the architect employed by the owner, absolves appellee of all liability for injuries suffered in the pool. We cannot agree.

The purported design flaw which appellant alleges to be the cause of his injury is the use of a diving board of a height and length suitable for a competition-size pool in a pool too shallow for such a board. There are conflicts in the evidence as to whether the design of the pool is defective. Our view of the evidence is that there is a question of fact as to whether the pool, as constructed by appellee, is inherently or intrinsically dangerous. If it is, appellee is not insulated from liability by the fact that the pool was accepted and approved by the owner. *Johnson v. Fowler Elec. Co.,* 157 Ga. App. 319 (2) (277 SE2d 312). Given the conflicts in expert opinion concerning the question of whether the pool design is defective, there is also a question of fact as to whether the defect, if it exists, is "readily observable on reasonable inspection." Id.

Appellee also argues that it is entitled to summary judgment by uncontradicted evidence that it complied with the plans furnished by the owner's architect. We do not agree that a contractor is entitled to put on blinders and ignore serious and dangerous defects in a design given to the contractor to execute. See *Smith v. Noxon Rug Mills,* 109 Ga. App. 724 (1) (137 SE2d 322), revd. on other grounds, *Noxon Rug Mills v. Smith,* 220 Ga. 291 (138 SE2d 569). Appellee, in the evidence submitted in support of its motion for summary judgment, held itself out as an expert in the *design* and construction of swimming pools. Under those circumstances, we are not willing to hold that appellee can, as a matter of law, escape liability when the evidence could authorize a conclusion that the design was defective and that appellee should have known that the design would result in a pool dangerous to its users.

Our holding here must not be misconstrued as a holding that appellee is liable for appellant's injuries or that swimming pools are inherently dangerous. We hold only that, under the particular circumstances of this case, there exist questions of fact concerning the alleged defectiveness of the design of the pool involved here and, if the design was defective, whether the pool was intrinsically or inherently dangerous, and whether appellee should have known, as an expert in swimming pool design, that the pool would be dangerous if constructed in accordance with the plans given to appellee by the

owner or his architect. Since those questions exist, the grant of summary judgment to appellee must be reversed.

*Judgment reversed. Deen, P. J., McMurray, P. J., Banke and Pope, JJ., concur. Quillian, C. J., Birdsong, Carley and Sognier, JJ., dissent.*

DECIDED JULY 7, 1982 —
REHEARING DENIED JULY 26, 1982 — 

*Emory A. Schwall, Donald J. Goodman, Keith E. Fryer, Dale R. F. Goodman,* for appellant.

*George W. Hart, Elaine W. Whitehurst, Sidney F. Wheeler, W. Kent Bishop, Michael T. Bennett, Henry D. Green,* for appellees.

CARLEY, Judge, dissenting.

The majority has announced a new rule in Georgia: A contractor or subcontractor who has contracted only to construct and not to design must not only exercise the requisite degree of skill, care and diligence in constructing, but he also must second-guess — without authority or power so to do — those who are charged with designing that which is to be constructed. As recognized by the majority, "the allegations of negligence in this case are not that the appellee was negligent in the performance of the construction of the pool, but that the design of the pool was so defective that appellee, as builder, is liable for any injuries caused by that pool." I think that the case of *PPG Industries v. Genson,* 135 Ga. App. 248 (217 SE2d 479) (1975), which is cited by the majority, clearly delineates the scope of possible liability of a contractor who builds according to design as contrasted with that applicable to one who is responsible for preparing that design. Evidently, the majority relies upon the "well recognized exceptions to this general rule" enunciated in *PPG.* However, those exceptions deal with the *work* of the contractor and not with the design. See also *Bell & Son v. Kidd & Roberts,* 5 Ga. App. 581 (63 SE 607) (1908).

The majority cites *Johnson v. Fowler Elec. Co.,* 157 Ga. App. 319 (2) (277 SE2d 312) (1981) for its conclusion that if the pool "is inherently or intrinsically dangerous," "appellee is not insulated from liability by the fact that the pool was accepted and approved by the owner." *Johnson,* is inapposite to the case at bar because, in *Johnson,* there were allegations and evidence that the contractor negligently *installed* wiring which resulted in the fire causing damage to the plaintiffs. As recognized by the majority, the instant case reveals no allegations or evidence which, in any way, attack the

manner in which appellee performed the only duty it had: construction of the pool in accordance with designs and plans provided by the architect employed by the owner. I believe that the effect of the majority's expansion of the scope of liability enveloping those involved in construction work will be to create a situation which is so unpredictable and unmanageable as to undermine and confuse the practical, fair and long established method for the determination of liability imputable to those who are, in fact, responsible for injuries or damages resulting from their conduct. I would affirm the grant of summary judgment to appellee and leave for jury resolution only the issues relating to plaintiff's claims against the owner. Therefore, I respectfully dissent.

I am authorized to state that Chief Judge Quillian, Judge Birdsong and Judge Sognier join in this dissent.