65835. ALLEN et al. v. ABKO PROPERTIES, INC.

SHULMAN, Chief Judge.

Appellants, James H. and Linda W. Allen (the Allens) and Theodore W. and Drama G. Russell (the Russells), executed a promissory note in the amount of $120,000 in favor of appellee, which note was secured by a deed to secure debt. Appellee brought suit,

seeking the unpaid portion of the note, interest, and attorney fees when appellants defaulted on the note. This appeal follows the grant of summary judgment to appellee.

1. Appellee seeks dismissal of the appeal on the grounds of improper certification of service of appellants' brief and the failure of appellants to support their enumeration of error by specific reference to the record or transcript. See Rules of the Court of Appeals, Rules 14, 15 (c)(3)(i). However, neither of appellee's complaints is a statutorily-recognized ground for dismissal. See OCGA § 5-6-48 (a) (Code Ann. § 6-809); *Petroleum Carrier Corp. v. Jones,* 127 Ga. App. 676 (194 SE2d 670). Appellee's motion to dismiss is denied.

2. The promissory note executed by the parties in July 1980 provided that, in the event of a "default in the performance of any of the covenants and agreements in any instrument securing this note for more than 30 days . . . the holder [ABKO] may, without notice, declare the entire debt then remaining unpaid, immediately due and payable." The deed which secured the debt contained a clause in which the parties agreed that appellants "shall not sell and convey all or any interest in the real property . . . without the prior written consent of [ABKO]." Some months later, without the approval of ABKO, the Russells conveyed their interest in the property to the Allens who then conveyed the property to Allen-Russell Ford, Inc., which subsequently declared bankruptcy in November 1981. Appellee accelerated the debt in March 1982 after becoming aware of the conveyances made without its approval. Appellants now argue that the grant of summary judgment to appellee was inappropriate because appellee's acceptance of appellants' monthly payments after the declaration of bankruptcy constituted a modification of the parties' contract, or a waiver of the default. However, the record contains no evidence that appellee had knowledge of the bankruptcy proceeding or the conveyances prior to the declaration of default. Inasmuch as appellee carried its initial burden and appellants did not present any refuting evidence that was adequate to raise an issue of fact, summary judgment in favor of appellee was appropriate. *Richards v. Tolbert,* 232 Ga. 678 (208 SE2d 486).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 31, 1983.

*Robert J. Morrison,* for appellants.
*Randolph A. Rogers, Robert S. Jones,* for appellee.