39650. POWELL et al. v. LEDBETTER BROTHERS, INC. et al.

GREGORY, Justice.

This case arises out of a flood that occurred in Cedartown, Georgia in March 1979. Appellants either owned or leased property in the vicinity of Big Cedar Creek in and near Cedartown. Appellants initially brought this action against Polk County, the Department of Transportation, Ledbetter Brothers (general contractors) and four private industrial corporations seeking $525,000 in damages to real and personal property from the above-mentioned flood. The basis of appellants' suit was the alleged negligent design, construction and maintenance of the roads and certain specified bridges over Big Cedar Creek in such a manner as to impede and prevent the usual run-off of water down Cedar Creek during periods of heavy rainfall. Appellants alleged as a consequence of this negligence, their various properties are repeatedly flooded and damaged. The complaint alleged that the damage was an unlawful taking and damaging of private property for public purposes without just and adequate compensation being first paid, an unlawful trespass and a continuing nuisance. All design work on these projects was done by the Department of Transportation and all construction was done by Ledbetter Brothers.

Appellants subsequently amended their complaint by dismissing the action against the four industrial corporations, striking in its entirety the original complaint, and substituting a "Redrafted Complaint." Appellants' redrafted complaint again alleged an unlawful taking and damaging of property without compensation but made no reference to Polk County. An amendment to the redrafted complaint further alleged the projects, as constructed, were imminently and inherently dangerous to the properties of appellants.

Polk County filed a motion for judgment on the pleadings, the Department of Transportation filed a motion to dismiss, and Ledbetter filed a motion for summary judgment, all of which were granted. Appellants filed a motion to reinstate Polk County as a party which the trial court denied. Appellants enumerate as error these four actions by the trial court. We affirm in part and reverse in part.

1. Appellants contend the trial court erred in granting Polk County's motion for judgment on the pleadings and in denying appellants' motion to reinstate Polk County as a party. We disagree.

The basis of the trial court's grant of judgment on the pleadings to Polk County was that appellants' redrafted complaint contained no allegations against the county upon which liability could be found.

A review of the redrafted complaint reveals appellants made no reference to Polk County, alleged no jurisdiction against the county, alleged no negligence by the county and made no demand for judgment against the county. Therefore, the trial court properly granted the county's motion for judgment on the pleadings.

Appellants argue the trial court erred in denying their motion to reinstate the county. They contend OCGA § 32-2-6 (a) (Code Ann. § 95A-305) makes the county in which the roads and bridges are located a proper and necessary party by operation of law when suit lies against the Department of Transportation.[1] This statute requires suit be brought against the county and the Department of Transportation shall defend, not vice versa. We find no merit in these two enumerations of error.

2. Appellants also contend the trial court erred in granting the Department of Transportation's motion to dismiss. We agree.

The Georgia Constitution provides that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid . . ." Ga. Const., Art. I, Sec. III, Par. I. (Constitution of 1976, Art. I, Sec. III, Par. I; Code Ann. § 2-301.) Direct condemnation proceedings are provided for by statute. Cf. OCGA § 22-2-1 et seq. (Code Ann. § 36-304 et seq.). If the public authority does not proceed directly to condemn, the injured citizen, nonetheless has a right to compensation under the state constitution. A cause of action will lie. The measure of damages has been established by the cases. *Smith v. Floyd County,* 85 Ga. 420 (11 SE 850) (1890); *Fulton County v. Woodside,* 223 Ga. 316 (155 SE2d 404) (1967); *Fulton County v. Baranan,* 240 Ga. 837 (242 SE2d 617) (1978). Such an action has been called an "inverse condemnation" action.

Count 1 of appellants' redrafted complaint alleges the Department of Transportation, through the negligent design and maintenance of public roads and bridges, caused repeated flood damage to appellants' properties without paying compensation for same. These allegations are sufficient to state a constitutional cause of action under the eminent domain provision.

The Department of Transportation contends this case is controlled by our recent decision in *Sikes v. Candler County,* 247 Ga.

---

[1] OCGA § 32-2-6 (a) (Code Ann. § 95A-305) provides in relevant part: "The department (of transportation) *shall defend any action* and be responsible for all damages awarded therein in any court of this state *against any county* under existing laws whenever the cause of action accrues on a public road which at the time of accrual had been designated by the department as a part of the state highway system. . . ." (Emphasis supplied.)

115 (274 SE2d 464) (1981). They argue, where damage to property is the direct result of the construction and maintenance of state highways, the statutory procedure set forth in OCGA § 32-2-6 (a) (Code Ann. § 95A-305) is the authorized and exclusive procedure whereby the department can be made responsible for money damages. OCGA § 32-2-6(Code Ann. § 95A-305) applies only to those actions where sovereign immunity exists and must be waived. For instance, *Sikes,* supra, was a wrongful death action alleging negligence on the part of the county. Such is an action where sovereign immunity exists and the statute provides the waiver. We find *Sikes* inapposite to the case sub judice. No sovereign immunity exists where a cause of action for inverse condemnation lies, because the Constitution itself affords the right. Therefore, the trial court erred in granting the Department of Transportation's motion to dismiss.

3. Appellants also enumerate error in the trial court's grant of Ledbetter Brothers' motion for summary judgment. We agree.

The relevant portions of appellants' redrafted complaint allege the construction in question was an inherently dangerous undertaking and that by use of ordinary care, Ledbetter should have foreseen the damage to appellants' properties.

In support of its motion for summary judgment, Ledbetter submitted the affidavit of one of the company vice-presidents as well as an affidavit from the director of construction of the Department of Transportation. These affidavits averred that the construction work done by Ledbetter was done pursuant to the plans and specifications of the Department of Transportation and that the department supervised construction and accepted the work as completed. Also submitted was an excerpt from the testimony of Dr. S. G. Rao, a civil engineer and hydrologist. His testimony was to the effect that the Department of Transportation and not the contractor, does the analysis of hydrologic information in preparing the design for the project. Ledbetter argued that in this situation a contractor cannot be held liable to third parties. *PPG Industries v. Genson,* 135 Ga. App. 248 (217 SE2d 479) (1975). Therefore, no issue of material fact remained. But these affidavits and testimony fail to pierce appellants' allegation that this was an inherently dangerous undertaking regardless of whether the plans and specifications are complied with. There are well recognized exceptions to the general rule of non-liability of contractors who execute plans furnished by others. One such exception is that the contractor is liable where the work is inherently dangerous to third parties. *Wilner's, Inc. v. Fine,* 153 Ga. App. 591 (266 SE2d 278) (1980); *Peachtree North Apts. v. Huffman-Wolfe Co.,* 126 Ga. App. 594 (191 SE2d 485) (1972). We

therefore find that an issue of fact remains as to whether the work done by Ledbetter was inherently dangerous to the properties of appellants.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Marshall, P. J., who dissents as to Division 3.*

DECIDED OCTOBER 5, 1983 —
REHEARINGS DENIED NOVEMBER 8, 1983 AND NOVEMBER 29, 1983.

*Marson G. Dunaway, Jr.,* for appellants.

*Michael J. Bowers, Attorney General, Charles M. Richards, Michael E. Hobbs, Assistant Attorneys General, Long Weinberg, Ansley & Wheeler, J. M. Hudgins IV, Wayne W. Gammon,* for appellees.

ADDENDUM.

GREGORY, Justice.

On motion for rehearing, the Department of Transportation again urges that OCGA § 32-2-6 (Code Ann. § 95A-305) is a statutory procedure which is the exclusive remedy for this inverse condemnation action. We disagree. We are persuaded by the rationale of the dissenting opinion in *State Hwy. Dept. v. McClain,* 216 Ga. 1 (114 SE2d 125) (1960). The statute "contemplates no damage to private property for public purposes, but simply means, and so states in unmistakable terms, such damages as might accrue on the highways by users thereof." We overrule the following cases to the extent they express a contrary opinion. *Taylor v. Richmond County,* 185 Ga. 610 (196 SE 37) (1938); *Hardin v. State Hwy. Board of Ga.,* 185 Ga. 614 (196 SE 40) (1938); *State Hwy. Board v. Perkerson,* 185 Ga. 617 (196 SE 42) (1938); *State Hwy. Board v. Hall,* 193 Ga. 717 (20 SE2d 21) (1942); *Waters v. DeKalb County,* 208 Ga. 741 (69 SE2d 274) (1952);and *Woodside v. Fulton County,* 223 Ga. 316 (155 SE2d 404) (1967).