### 71533. BELK-HUDSON COMPANY OF MOULTRIE v. PATTERSON.
(342 SE2d 2)

SOGNIER, Judge.

Ima Patterson brought suit against Belk-Hudson Company of

Moultrie, Georgia (Belk-Hudson) in this slip and fall case. Belk-Hudson filed a motion for summary judgment and Patterson thereafter amended her complaint to add claims for breach of warranties of merchantability and strict liability. The trial court denied Belk-Hudson's motion for summary judgment except as to Patterson's claim of strict liability. We granted Belk-Hudson's motion for interlocutory appeal. Although appellee filed a brief in support of a purported cross-appeal from the grant of partial summary judgment to appellant on appellee's claim of strict liability, no such cross-appeal has been docketed in this court. Therefore, this issue is not before us and will not be considered in this opinion. *Chester v. Ga. Mut. Ins. Co.*, 165 Ga. App. 783, 784 (1) (302 SE2d 594) (1983).

Appellee purchased a pair of shoes from appellant, then slipped and fell while wearing her new shoes, as she was exiting appellant's store. Appellee alleged in her original complaint that appellant was negligent by failing to keep its store floors in a safe condition. In appellee's amended complaint she alleged that appellant breached express and implied warranties of merchantability and was strictly liable in the sale of the allegedly defective shoes.

1. Appellee's motion to dismiss the appeal on the ground that appellee was not properly served with appellant's application for interlocutory appeal and notice of appeal is denied as without merit. *Allen v. ABKO Properties*, 166 Ga. App. 776, 771 (1) (305 SE2d 477) (1983); OCGA § 5-6-48 (a).

2. Appellant contends the trial court erred by denying its motion for summary judgment because there is no question of fact that it was not negligent as a matter of law. Appellee in her deposition testified that as she was walking in appellant's store with her new shoes, her foot "kind of just stuck to the floor," causing her to lose her balance and fall. She attributed her fall to the fact that the floor had been freshly waxed. "Our Supreme Court has held that ' "proof of nothing more than the occurrence of the fall is insufficient to establish the proprietor's negligence." [Cit.] . . . [T]he plaintiff must, at a minimum, show that the defendant was negligent either in the materials he used in treating the floor or in the application of them.' *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). In the instant case, [appellant] introduced evidence demonstrating that it was not negligent in the materials used in treating the floor or in the application thereof. Thus, [appellant] 'presented evidence of no defective condition in the floor. [(Appellee), on the other hand,] did not introduce any evidence of the quality of material used or the methods which [appellant] used in waxing and maintaining its floor.' *Alterman Foods*, 246 Ga. at 624, supra. On this evidence, all that appears is that [appellee] fell while traversing [appellant's] floor, a floor which had been waxed or polished but in a non-negligent manner. . . . [Appel-

lant's] 'evidence was sufficient to pierce the pleadings of [appellee] and to shift the burden to [her] to produce issuable evidence or suffer judgment. [Cit.]' " *Key v. J. C. Penney Co.*, 165 Ga. App. 176-177 (299 SE2d 895) (1983). Because appellee produced no evidence that appellant or its agents were guilty of any negligence, appellant was entitled to summary judgment on this issue. See id. Further, because it is uncontroverted that the shoes purchased by appellee were not defective, appellant is also entitled to summary judgment as to appellee's claim of breach of warranty based on the condition of the shoes purchased from appellant. See *Poppell v. Waters*, 126 Ga. App. 385 (190 SE2d 815) (1972). Therefore, the trial court erred by failing to grant summary judgment in favor of appellant.

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 7, 1986 —
REHEARING DENIED FEBRUARY 24, 1986 — 

*William C. Sanders*, for appellant.
*G. Gerald Kunes, James C. Whelchel*, for appellee.