74472. C. W. MATTHEWS CONTRACTING COMPANY, INC.
v. MARASCO et al.
(361 SE2d 34)

SOGNIER, Judge.

James and Dorothy Marasco filed an action against C. W. Matthews Contracting Company, Inc. (Matthews) to recover damages for personal injury and loss of consortium. Matthews' motion for summary judgment was denied and the trial court certified its ruling for immediate review. We granted Matthews' interlocutory appeal.

The record reveals that James Marasco (hereinafter appellee) was driving his automobile northbound on I-75. There were four northbound lanes, and appellee was traveling one lane over from the New Jersey median barrier. Appellee's eye was injured when the side view mirror of his automobile struck a "FREE THE FREEWAY" sign erected by Matthews over the median barrier wall. It is uncontradicted that the sign did not protrude into the roadway, but that appellee was forced to drive off the roadway and onto the median shoulder of the highway to avoid collision with another vehicle, previously unseen by appellee, which suddenly encroached on the lane in which appellee was driving.

We agree with appellant that summary judgment should have been granted in its favor. Pretermitting the questions of whether the sign was negligently placed and whether placement of the sign was the proximate cause of appellee's injuries, appellant neither designed nor determined the location for or the manner of placement of the sign but instead complied with explicit directions, specifications and orders of the Georgia Department of Transportation (DOT) with respect to erection of the sign alongside the roadway. Thus, no question of fact exists concerning this issue.

It is well established that "[i]n determining whether an independent contractor is to be held liable for damages resulting from the work in connection with which he has been employed, . . . it is usually necessary to look for guidance to the question whether the injury

resulted from the improper plans or directions by which his employment was defined, or from the improper execution of work properly planned. In such cases, if it appears that the contractor has followed the plans and directions of his employer and injury has resulted, the employer, and not the contractor, is to be held liable. For unskilful or negligent execution of the work the contractor (and usually not the employer) is liable." *Bell & Son v. Kidd & Roberts*, 5 Ga. App. 518, 520 (63 SE 607) (1909). A contractor for the State engaged in work on a public project is not liable for injury or damage to private property resulting from the work performed unless that damage or injury results from the contractor's negligence or wilful tort. *Abercrombie v. Ledbetter-Johnson Co.*, 116 Ga. App. 376 (157 SE2d 493) (1967); *C. W. Matthews Contracting Co. v. Wells*, 147 Ga. App. 457, 458 (2) (249 SE2d 281) (1978). In the case sub judice, appellant's affidavits submitted in support of its motion for summary judgment clearly establish non-negligent execution of DOT's specifications and directives with regard to the construction and placement of the sign, and acceptance by DOT of appellant's work. Nothing in the affidavits submitted by appellees in opposition to the motion for summary judgment rebuts this showing by appellant.

While the Georgia courts have recognized an exception to this rule where the work is inherently dangerous, we find no support in the record or in case law for a finding that the work here was inherently dangerous. Contrary to appellees' argument, their expert's testimony that in his opinion the sign should have been placed elsewhere is not an opinion that the placement was "inherently dangerous." *Shetter v. Davis Bros.*, 163 Ga. App. 230 (293 SE2d 397) (1982) and *Johnson v. Fowler Elec. Co.*, 157 Ga. App. 319 (277 SE2d 312) (1981), relied on by appellees, are distinguishable. In *Shetter*, the contractor held itself out as an expert not only in the construction of swimming pools but also in their design, and we held that *"[u]nder those circumstances, we are not willing to hold that [the contractor] can, as a matter of law, escape liability when the evidence could authorize a conclusion that the design was defective and that [the contractor] should have known that the design would result in a pool dangerous to its users."* (Emphasis supplied). Id. at 231. In the case sub judice, there is no showing that appellant held itself out as an expert in the design or placement of freeway signs. In *Johnson*, supra, this court held only that "we find no reason to conclude that *where it is proved that a defendant is negligent,* he should be relieved of liability as a matter of law merely because the defective work was approved by someone else." (Emphasis supplied.) Id. at 323-324. As there was no showing by appellees to rebut the affidavits proffered by appellant showing non-negligent performance on its part, no question of fact exists as to this issue.

" 'We are mindful that it is only in clear cases that the court has authority to decide questions of negligence as a matter of law. It is generally a jury question. But where, in the evidence, there is no reasonable ground for two opinions it then becomes a matter of law and not a question of fact for the jury.' [Cit.]" *Anderson v. Dunwoody North &c. Club*, 176 Ga. App. 210, 211 (335 SE2d 451) (1985). Even construing the evidence most favorably to appellees as the nonmoving party, see *Mallard v. Jenkins*, 179 Ga. App. 582 (347 SE2d 339) (1986), the evidence shows that appellant executed DOT's instructions in a non-negligent manner and is therefore entitled to summary judgment in its favor. See *Belk-Hudson Co. v. Patterson*, 178 Ga. App. 16, 17-18 (2) (342 SE2d 2) (1986).

As the judgment must be reversed, appellant's remaining enumerations of error need not be addressed.

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED SEPTEMBER 10, 1987.

*William T. Gerard*, for appellant.
*David H. Bedingfield, Charles B. Zirkle, Jr., William A. Pannell*, for appellees.