## A89A1526. BENTON v. DAVID ALLEN COMPANY, INC.

(388 SE2d 878)

CARLEY, Chief Judge.

Appellee-defendant entered into a subcontract with Tyger Construction Company (Tyger) to install a brick sidewalk. The plans and specifications for the work to be done by appellee did not provide for the bricks in the sidewalk to be cemented into place. Instead, they provided for uncemented 1-⅛"-thick brick "pavers" merely to be laid in a compacted bed of sand. After appellee's completion of the sidewalk, appellant-plaintiff tripped and fell while she was walking along it. Apparently, the uncemented "pavers" were subject to loosening when pressure was applied at their corners and appellant tripped and fell over one such loosened "paver." As the result of injuries sustained in her fall, appellant filed suit against appellee and Tyger. In her complaint, appellant alleged that appellee had been negligent in failing to cement the bricks properly and that the sidewalk, as constructed by appellee, was imminently and inherently dangerous and a nuisance per se.

Having answered and denied the material allegations of the complaint, appellee subsequently moved for summary judgment. In support of its motion, appellee produced an affidavit wherein its vice president stated that the brick sidewalk had been installed in strict compliance with the design and material specifications provided by Tyger, over which appellee exercised no control and from which it was not permitted to deviate in any manner, and that Tyger had inspected appellee's work, which was found to conform to the specifications and which was approved by Tyger and the owner. Based upon this uncontroverted evidence, the trial court granted appellee's motion and appellant appeals from this grant of summary judgment in favor of appellee.

1. The law has long recognized that there is a distinction between

the case wherein an independent contractor himself has been negligent in his actual execution of the work and the case wherein an independent contractor has otherwise performed the work in accordance with the negligent plans and specifications provided to him by his employer. "In determining whether an independent contractor is to be held liable for damages resulting from the work in connection with which he has been employed, . . . it is usually necessary to look for guidance to the question whether the injury resulted from the improper plans or directions by which his employment was defined, or from the improper execution of work properly planned. In such cases, if it appears that the contractor has followed the plans and directions of his employer and injury has resulted, the employer, and not the contractor, is to be held liable. For unskil[l]ful or negligent execution of the work the contractor (and usually not the employer) is liable. [Cits.]" *Bell & Son v. Kidd & Roberts*, 5 Ga. App. 518, 520 (63 SE 607) (1909).

In those cases wherein an independent contractor himself has been negligent in his actual execution of the work, the law has long recognized that an acceptance of the work by his employer may provide the contractor with a defense to liability for injuries subsequently resulting from his negligent performance. "The general rule is well established that an independent contractor is not liable for injuries to a third person, occurring after the contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him, though the injury result from the contractor's failure to properly carry out his contract. [Cits.]" *Young v. Smith & Kelly Co.*, 124 Ga. 475, 476 (52 SE 765) (1905). There are, however, exceptions to this "well established" defense to a contractor's liability for his own negligent performance. The employer's acceptance will not provide an independent contractor with a defense to liability for his negligent performance in those cases wherein the evidence shows that the completed work "is a nuisance per se, or where it is turned over by the contractor in a manner so negligently defective as to be imminently dangerous to third persons." *Young v. Smith & Kelly Co.*, supra at 476.

In those cases wherein an independent contractor has otherwise performed his work in accordance with the negligently designed plans and specifications provided to him by his employer, the law has only recently recognized that there is an exception to the general rule that the contractor's duty does not extend beyond non-negligent performance and that it is the employer who must bear sole legal responsibility for injuries subsequently resulting from his negligence in the design of the work. "We do not agree that a contractor is entitled to put on blinders and ignore serious and dangerous defects in a design given to the contractor to execute. [Cit.] [If the contractor holds himself]

out as an expert in . . . *design* and construction . . . , we are not willing to hold that [he] can, as a matter of law, escape liability when the evidence could authorize a conclusion that the design was defective and that [he] should have known that the design would result in a [structure] dangerous to its users." (Emphasis in original.) *Shetter v. Davis Bros.*, 163 Ga. App. 230, 231 (293 SE2d 397) (1982). Thus, a contractor who claims expertise in design as well as performance may be liable when he complies with his employer's defective plans and specifications. See *C. W. Matthews Contracting Co. v. Marasco*, 184 Ga. App. 150 (361 SE2d 34) (1987); *Price v. Reeves Constr. Co.*, 181 Ga. App. 241 (351 SE2d 655) (1986).

Application of the above-stated legal principles in the instant case would lead to the following conclusions: No genuine issue of material fact remains with regard to appellee's liability for its own alleged negligent installation of the sidewalk because, under the undisputed evidence of record, the lack of cement to secure the "pavers" from loosening was not attributable to appellee's negligent performance of the work, but to the plans and specifications provided to appellee by Tyger. Accordingly, any issue regarding exceptions to the general rule that acceptance of a completed work will insulate a contractor from liability for the consequences of his *own negligent performance* would be irrelevant. Under the evidence, there was no negligent performance on the part of appellee and, any allegation that the sidewalk, as constructed, was imminently and inherently dangerous and a nuisance per se would not, therefore, be material to the question of appellee's liability for appellant's injuries. The material issue would be whether a genuine issue remains with regard to the exception to the general rule that only Tyger can be held liable for the allegedly negligently-designed sidewalk. Under the evidence of record, there is nothing to authorize a finding that appellee has ever held itself out as an expert in the *design* of sidewalks. Compare *Shetter v. Davis Bros., Inc.*, supra. It would, therefore, seemingly follow that the trial court correctly granted appellee's motion for summary judgment. See *C. W. Matthews Contracting Co. v. Marasco*, supra; *Price v. Reeves Constr. Co.*, supra.

2. However, in *Powell v. Ledbetter Bros.*, 251 Ga. 649, 651 (3) (307 SE2d 663) (1983), the Supreme Court reversed the grant of summary judgment in favor of a contractor, holding that, "regardless of whether the plans and specifications are complied with[,] [t]here are well recognized exceptions to the general rule of non-liability of contractors who execute plans furnished by others. One such exception is that the contractor is liable where the work is inherently dangerous to third parties. [Cits.]" As discussed in Division 1, prior to the Supreme Court's holding in *Powell*, the "inherently dangerous" condition of the completed and accepted work was always considered to be a "well

recognized" exception to the general rule of non-liability of a contractor who had *himself negligently executed* the plans which were furnished to him. See *Young v. Smith & Kelly Co.*, supra. In fact, the two cases cited by the Supreme Court in support of its holding are *negligent performance* cases. For the contractor who had performed in accordance with plans which were *negligently prepared by others*, there was a previously "well recognized" general rule of non-liability (see *Bell & Son v. Kidd & Roberts*, supra) which was, until the decision *in Shetter v. Davis Bros.*, supra, without *any* specifically recognized exception.

We are, nevertheless, bound by the Supreme Court's decision in *Powell v. Ledbetter Bros.*, supra at 651 (3). Accordingly, we are compelled to hold that those otherwise "well recognized" exceptions to a contractor's non-liability for injuries resulting from the acceptance of *his* negligently executed work are, in this state, also exceptions to a contractor's "well recognized" non-liability for injuries resulting from his compliance with the negligently designed plans and specifications of his employer. Although this has the anomalous effect of rendering a contractor vicariously liable for the negligence of the designer, this result is mandated by the Supreme Court. It follows that, notwithstanding the undisputed evidence of appellee's adherence to the plans provided to it and the lack of any evidence of appellee's expertise in the design of sidewalks, appellee may be held liable for appellant's injuries if, as the result of Tyger's design, the completed and accepted sidewalk was "inherently dangerous" or a nuisance per se.

3. Construing the evidence of record most favorably for appellant, appellee has failed to show that no genuine issue remains as to appellant's allegations that the sidewalk was "inherently dangerous" or a nuisance per se. Although such issues would not otherwise be material to appellee's liability under the analysis set forth in Division 1 of this opinion, they are material to appellee's liability pursuant to the Supreme Court's holding in *Powell v. Ledbetter Bros.*, supra. Because we are compelled to follow a controlling Supreme Court decision, we must reverse the trial court's grant of summary judgment in favor of appellee.

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED DECEMBER 4, 1989 —

*Downing, McAleer & Gaskin, James E. McAleer, Mark H. Johnson*, for appellant.

*Barrow, Sims, Morrow & Lee, Jordan D. Morrow*, for appellee.