S90G0427. DAVID ALLEN COMPANY, INC. v. BENTON.
(398 SE2d 191)

BENHAM, Justice.
Benton was injured when she tripped on a loose brick "paver" in a sidewalk constructed by David Allen Company, Inc. (hereinafter "DAC") as a subcontractor pursuant to plans provided by the general contractor. She sued DAC and the general contractor, alleging as to DAC that it was negligent in failing to cement the pavers in place and that the sidewalk was imminently and inherently dangerous and a nuisance per se. On the strength of evidence showing without contradiction that DAC constructed the sidewalk in strict accordance with plans supplied to it, that it had no control over those plans, and that the work was approved and accepted by the general contractor and the owner, the trial court, citing *PPG Indus. v. Genson*, 135 Ga. App. 248 (2) (217 SE2d 479) (1975), granted DAC's motion for summary judgment. In *Benton v. David Allen Co.*, 193 Ga. App. 789 (388 SE2d 878) (1989), the Court of Appeals reversed that judgment, holding that it was compelled to do so by this court's decision in *Powell v. Ledbetter Bros.*, 251 Ga. 649 (3) (307 SE2d 663) (1983), which applied an "inherently dangerous work" exception to the general rule that a contractor whose work is accepted by the owner is exempted from liability to third parties. We granted the writ of certiorari to decide whether the fact that the finished work which a contractor produces is inherently dangerous to third persons creates an exception to the

rule that a contractor which performs a contract in accordance with plans supplied to it, which is not negligent in its performance, and which produces work which is accepted by the owner, is insulated by that acceptance from liability to third parties.

There have historically been two rules regarding the liability of contractors whose work has been accepted by the owner, one rule for a contractor who negligently performs, another for a contractor who is not negligent. The two rules are well set out in the opinion of the Court of Appeals in the present case. The significant difference between the two rules is that while there are several exceptions which apply to the contractor who is negligent in following the plans supplied to it, as to the contractor who accurately follows the plans supplied, there is only one exception. The exceptions applying to the negligent contractor are "where the work is a nuisance per se, or inherently or intrinsically dangerous . . . [,or] so negligently defective as to be imminently dangerous to third persons." *PPG Indus. v. Genson,* supra at 250. As to the contractor who follows plans without negligence, there is one recently established exception: a contractor who is an expert in the design of the type of work being done may not ignore defects in the design from which it is to work. See *Shetter v. Davis Bros.,* 163 Ga. App. 230 (293 SE2d 397) (1982).

We agree with the Court of Appeals that this case is indistinguishable from *Powell,* supra: it has been established without question that the contractor complied in every regard with the plans provided to it, but there is an unrefuted allegation that the work was inherently dangerous to third persons. The Court of Appeals was, therefore, bound to follow *Powell* as precedent. However, upon reflection, we are of the opinion that it is the better policy to retain the distinction between the treatment of negligent contractors and that of non-negligent contractors. We hold, therefore, that where a contractor who does not hold itself out as an expert in the design of work such as that involved in the controversy, performs its work without negligence, and the work is approved and accepted by the owner or the one who contracted for the work on the owner's behalf, the contractor is not liable for injuries resulting from the defective design of the work. The exceptions for inherently or intrinsically dangerous work, for nuisances per se, and for work so negligently defective as to be imminently dangerous to third persons, apply in cases where the contractor is guilty of negligence in the performance of its work. To the extent that *Powell v. Ledbetter Bros.,* supra, holds otherwise, it is overruled.

Applying our holding to the facts of the present case requires that the judgment of the Court of Appeals must be reversed: the trial court's grant of summary judgment to DAC was correct and must be affirmed.

*Judgment reversed. All the Justices concur, except Weltner, Bell, and Hunt, JJ., who dissent.*

WELTNER, Justice, dissenting.
1. We ought not to overrule *Powell v. Ledbetter Bros.*, 251 Ga. 649 (307 SE2d 663) (1983), without good reason. There we held:

There are well recognized exceptions to the general rule of non-liability of contractors who execute plans furnished by others. One such exception is that the contractor is liable where the work is inherently dangerous to third parties. [Id. at 651.]

2. This exception incorporates well-established judicial precepts:

(a) The general rule is well established that an independent contractor is not liable for injuries to a third person, occurring after the contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him, though the injury result from the contractor's failure to properly carry out his contract. . . . There are some modifications of this rule. Among them are cases where the work is a nuisance per se, or where it is turned over by the contractor in a manner so negligently defective as to be imminently dangerous to third persons. [*Young v. Smith & Kelly Co.*, 124 Ga. 475, 476 (52 SE 765) (1905).]

(b) We do not agree that a contractor is entitled to put on blinders and ignore serious and dangerous defects in a design given to the contractor to execute. [*Shetter v. Davis Bros.*, 163 Ga. App. 230 (293 SE2d 397) (1982).]

See also:

(c) Prosser & Keeton on Torts (5th ed.) § 104 A, Real Estate Transactions at pp. 723-4:

One important limitation recognized in several cases is that the contractor is not liable if he has merely carried out carefully the plans, specifications and directions given him, since in that case the responsibility is assumed by the employer, at least where plans are not so obviously defective and dangerous that no reasonable man would follow them. Where this is the case, there appears to be no doubt that there will be liability.

(d) Restatement 2d of the Law of Torts, § 385:

One who on behalf of the possessor of land erects a structure or creates any other condition thereon is subject to liability to others upon or outside of the land for physical harm caused to them by the dangerous character of the structure or condition after his work has been accepted by the possessor, under the same rules as those determining the liability of one who as manufacturer or independent contractor makes a chattel for the use of others.[1]

3. The majority limits liability for the contractor — the one creating the dangerous instrumentality — unless the contractor "holds himself out as an expert in the design of work."

That is contrary to the following authorities:

(a) [T]he purpose of [the inherently dangerous work] doctrine is to allow a plaintiff to bring the employer in as *another* defendant, not to take the independent contractor out of the case. See 41 Am. Jur. 2d § 41, Independent Contractors. [*Berry v. Cordell*, 120 Ga. App. 844, 846-7 (172 SE2d 848) (1969).]

(b) OCGA § 51-2-5 provides:

An employer is liable for the negligence of the contractor: (2) If, according to the employer's previous knowledge and experience, the work to be done is in its nature dangerous to others however carefully performed.

I am authorized to state that Justice Bell and Justice Hunt join in this dissent.

DECIDED NOVEMBER 21, 1990.

*Barrow, Sims, Morrow & Lee, Jordon D. Morrow,* for appellant. *Downing, McAleer & Gaskin, James E. McAleer, Jr., Mark H. Johnson, Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair,*

---

[1] One who as an independent contractor makes, rebuilds, or repairs a chattel for another and turns it over to the other, knowing or having reason to know that his work has made it dangerous for the use for which it is turned over, is subject to the same liability as if he supplied the chattel. [Id. § 403.]