## A93A0600. WHITE v. FAYETTE RE-BAR, INC.

(433 SE2d 715)

SMITH, Judge.

Johnny White, the employee of a subcontractor on a construction project, brought suit against Fayette Re-Bar, Inc., another subcontractor on the project, when he was injured on the job. Summary judgment was granted in favor of Fayette.

The record reveals that Fayette was in the business of assembling steel re-bar posts that provide a foundation for concrete columns, and was a subcontractor on a project in Rockdale County. It did not supply the structural steel, but erected the posts using plans and specifications provided to it. White was employed by Systems Forming, Inc., another subcontractor, as a "column man," which entailed erecting a construction form around the re-bar post, into which concrete was poured to form a column.

The plans and specifications for the Rockdale County project called for using reinforcement steel in the base of the columns that was of smaller diameter than that called for in the columns, which was unusual. Fayette's foreman on the job, Brian Barfield, testified that he made inquiry of representatives of both the general contractor and the architectural firm regarding the unusual nature of this specification, and was told to proceed according to the plans and specifications because it was an engineering decision to construct the re-bar posts in the manner called for by the plans.

The column men generally climbed up the re-bars to place the forms on them. However, because the smaller re-bars were used in the base, they were unstable and unsafe to climb. White recognized this himself prior to being injured, and he had heard of an incident in which a column had fallen on his foreman on the same job site. In addition, Barfield testified he had warned the Systems Forming foreman that the re-bars were not stable and probably would not support

a person. White was injured when he climbed a re-bar to brace it in order to put his forms in place. The re-bar bent over, and he fell.

Under Georgia law, if a contractor does not negligently perform its work but competently complies with the plans and specifications with which it is provided, it cannot be held liable for injury to a third party. *PPG Indus. v. Genson*, 135 Ga. App. 248 (2) (217 SE2d 479) (1975). The exceptions to this rule "for inherently or intrinsically dangerous work, for nuisances per se, and for work so negligently defective as to be imminently dangerous to third persons, apply in cases where the contractor is guilty of negligence in the performance of its work," and not to a non-negligent contractor. *David Allen Co. v. Benton*, 260 Ga. 557, 558 (398 SE2d 191) (1990). The single exception applicable to a non-negligent contractor is that such a contractor who has expertise in the design of the type of work being done may not ignore defects in the design from which it is to work. See *Shetter v. Davis Bros.*, 163 Ga. App. 230 (293 SE2d 397) (1982).

It is undisputed that Fayette erected the re-bar posts in strict compliance with the plans and specifications. The affidavit of its president states that Fayette has no expertise in design or specifications of re-bar posts, and White offered no evidence to rebut this statement under oath. Having demonstrated an absence of evidence to support liability on its part, Fayette was properly granted summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

*Judgment affirmed. Johnson, J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur with the majority opinion, as this case is controlled by *David Allen Co. v. Benton*, 260 Ga. 557 (398 SE2d 191) (1990).

As noted by the majority opinion, where a contractor does not negligently perform its work and completes the work according to plans and specifications provided by the owner, the contractor generally is not liable for injuries to third parties resulting from the defective design of the work. *PPG Indus. v. Genson*, 135 Ga. App. 248 (217 SE2d 479) (1975). An exception to that general rule, however, is that a contractor who is an expert in the design of the type of work performed is not "entitled to put on blinders and ignore serious and dangerous defects in a design given to the contractor to execute." *Shetter v. Davis*, 163 Ga. App. 230, 231 (293 SE2d 397) (1982).

It appears to this writer that this exception should not be limited to expert contractors, as opposed to non-expert contractors who are aware of the dangerous design or resulting condition. No compelling reason exists for distinguishing between expert contractors who are attributed knowledge of a defective or dangerous design by virtue of their status as expert, and a non-expert contractor who has actual

knowledge of the danger and proceeds to construct it. Although it is not a factor in the instant case, as it was uncontroverted that Fayette Re-Bar, Inc. was not an expert in designing re-bar posts. This flaw in the subject rule should be addressed. The needed expansion can only be made by the Supreme Court and this court is bound by *David Allen Co. v. Benton*, supra, until changed by said court. *McLin v. Harvey*, 8 Ga. App. 360, 363 (69 SE 123) (1910).

DECIDED JULY 14, 1993.

*Moffett & Henderson, F. Glenn Moffett, Jr., L. Prentice Eager III, D. Kevin Wheeler*, for appellant.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Eric D. Miller*, for appellee.