### 1141. BELL & SON v. KIDD & ROBERTS.

Where a landlord under duty to make repairs employs an independent contractor to do specific work needed to be done, the independent contractor may be held liable by the tenant for injuries resulting, prior to the acceptance of the work by the landlord, from the negligent manner in which the contractor has performed the work. However, if the contractor fulfils his particular contract with ordinary care and diligence, he is not liable for injuries resulting by reason of defects in the original plan of the work, or because the repairs as made prove inadequate to fulfil the landlord's duty in the matter.

Action for damages, from city court of Albany—Judge Crosland. March 10, 1908.

Submitted July 28, 1908.—Decided February 9, 1909.

*Jesse W. Walters & Son,* for plaintiffs in error.

*Mann & Milner,* contra.

POWELL, J. Kidd & Roberts were the tenants of Mrs. Jones as to the lower story of a building in Albany. The upper story did not extend as far to the rear as did the lower story. The rain-water from the upper story, if not otherwise conveyed, would run down upon the roof that covered the rear of the lower story. There was, however, a gutter which was designed to carry the water over and across the lower roof from the upper roof to the ground. The petition in this suit, which was brought by Kidd & Roberts against Bell & Son, alleges, that Mrs. Jones employed the defendants to repair and recover the roof, and, through the negligent manner in which they did this repairing and recovering of the roof, rain-water came through and damaged certain furniture which the plaintiffs carried in stock in the store below. The two acts of negligence set out in the petition are: (1) "That said W. S. Bell & Son, in placing the new roof on the one-story portion of said building, negligently tore away the gutter which originally conveyed the water from the second story upon and over the first story and through a down-spout to the ground, cutting off said gutter about four feet above and over the roof of the one-story part of the building, allowing the discharge therefrom to run over and down upon the new roof placed on said one-story part of this building. (2) That in placing the new roof upon the one-story portion of said building the said W. S. Bell & Son negligently closed up the original vents for the discharge of the water which

would fall upon said roof, and constructed only one vent or dis-
charge from which the water falling upon said roof might be dis-
charged." The petition further alleged, that a rain-storm came,
and that "the water which fell on the roof of the second-story
portion of said building flowed down on the roof of the first-story
portion of said building, and, the vent or discharge being insuffi-
cient, the water collected on said roof to a depth of several inches
and leaked through said roof, running down into the store occupied
by petitioners." It is important to note that no negligence is
alleged other than the two delinquencies set forth in the quota-
tion above. It is not alleged that the work was not performed
with proper dispatch or that the actual workmanship was in any-
wise unskilful, except in the particulars stated.

The plaintiffs proved that they had been damaged in the par-
ticulars claimed in the petition; that it was caused by the fact
that the gutter which had been used to convey the water from the
second-story roof had been broken away, so that the water flowed
down upon the lower roof in such quantities that it could not pass
out through the vents, and ponded upon the roof and leaked through
the seams and through a portion of the roof near the wall, which
had not been flanged. Originally there had been three vents for
the purpose of letting the water from the lower roof over the store
occupied by plaintiffs, but the defendants had covered over one
of these vents with tin, leaving insufficient outlet for the water.
However, the witness who testified for the plaintiffs as to this fact
was unable to say whether the opening had been closed by some
previous repairer of the roof or not. The defendants proved that
they had been employed by the landlord only to recover the roof of
the first story; that the contract did not include the putting up of
any gutters or down-spouts; they were simply to recover the first-
story roof, and were to do the new work just as the old work had
been done, were merely to rip off the old tin and put on new tin
in place of it; that they had not interfered with the gutter from
the second story, either by way of removing it or repairing it;
that they found it broken off and discharging the water from the
second story upon the lower roof, and left it so; that originally
three vents had been left in the lower roof as outlets for the rain-
water, but that previously to the time this work was done the land-
lord had had one of these vents closed by nailing tin over it and

covering it with tar; and that the defendants' workmen left the vents just as they found them; that the tenants of the upper story of the building had thrown some melon rinds out upon the roof, and these rinds had been washed down into one of the vents and had choked it, thus causing the ponding of the water; these rinds were removed from the vent by the defendants' workmen after the rain-storm (which was exceedingly severe) had passed. The jury returned a verdict in favor of the plaintiffs. The defendants except to the overruling of their general demurrer and to the denying of a motion for a new trial. The landlord was originally made a defendant, and there was a demurrer on the ground of misjoinder, but this need not be considered, as she was stricken from the suit at the beginning of the trial.

In determining whether an independent contractor is to be held liable for damages resulting from the work in connection with which he has been employed, and especially from acts of omission, it is usually necessary to look for guidance to the question whether the injury resulted from the improper plans or directions by which his employment was defined, or from the improper execution of work properly planned. In such cases, if it appears that the contractor has followed the plans and directions of his employer and injury has resulted, the employer, and not the contractor, is to be held liable. For unskilful or negligent execution of the work the contractor (and usually not the employer) is liable. Brannock *v.* Elmore, 114 Mo. 55 (21 S. W. 451); *A. & F. R. Co.* v. *Kimberly,* 87 *Ga.* 161, 166 (13 S. E. 277, 27 Am. St. R. 231). See the monographic note to Covington *v.* Steinbrock, 76 Am. St. R. 404. It follows that if the landlord designs the construction of the work or outlines the nature of the repairs that are to be done, the independent contractor incurs no liability to the tenant for injuries resulting from improper construction or inadequacy of the repairs, if he follows the directions given him and is not guilty of negligence in the particular manner in which he performs the specific work he has contracted to do. The petition alleges that the defendants unskilfully executed their contract by tearing away and not replacing the gutter from the second story, and in stopping up vents that should have been left open. Prima facie this set out negligence in the execution of the work, negligence of that character for which the contractor would be liable; hence the court

properly overruled the general demurrer. On the trial it developed that the defendants had not been employed to repair the gutter, and that they had not interfered with it, that they had not changed the number or the arrangement of the vents; that the injury occurred either through negligence of the landlord in not providing a new gutter and adequate vents, or through the wrongful acts of the tenant of the second story in throwing from the back windows melon rinds which washed down into the vents and choked them; hence the verdict against the defendants was unauthorized, and the court should have granted a new trial.     *Judgment reversed.*