## 65840. COOPER v. GARMON BROTHERS CONTRACTORS, INC.

McMURRAY, Presiding Judge.

The plaintiff in this action for damages is a former employee of a familiar restaurant chain. Plaintiff was hired and trained for about a month in an older restaurant before being transferred to a newly constructed restaurant.

At the new restaurant, plaintiff was warned to be careful of a certain floor drain which protruded upward from the floor. Later plaintiff tripped on the drain in question suffering substantial injury to herself.

Subsequently, plaintiff filed this action against the contractor that constructed the new restaurant building. Plaintiff's complaint alleges that the floor drain in question was negligently installed and located in an area where it was foreseeable that plaintiff would walk and trip over same.

After discovery, defendant filed its motion for summary judgment. The trial court granted summary judgment in favor of defendant and against plaintiff. Plaintiff appeals. *Held:*

The defendant contracted to build the restaurant in question and received for that purpose a set of plans and specifications from the owner which were followed in the erection of the building. The defendant through a sub-contractor installed the floor drain in question. Defendant's project manager gave unrefuted testimony that the floor drain in question was installed in compliance with the specifications received from the owner.

"In determining whether an independent contractor is to be held liable for damages resulting from the work in connection with which he has been employed, . . . it is usually necessary to look for guidance to the question whether the injury resulted from the improper plans or directions by which his employment was defined, or from the improper execution of work properly planned. In such cases, if it appears that the contractor has followed the plans and directions of his employer and injury has resulted, the employer, and not the contractor, is to be held liable. For unskilful or negligent execution of the work the contractor (and usually not the employer) is liable . . . It follows that if the landlord designs the construction of the work or outlines the nature of the repairs that are to be done, the

independent contractor incurs no liability to the tenant for injuries resulting from improper construction or inadequacy of the repairs, if he follows the directions given him and is not guilty of negligence in the particular manner in which he performs the specific work he has contracted to do." *Bell & Son v. Kidd & Roberts,* 5 Ga. App. 518, 520 (63 SE 607). See also *PPG Indus. v. Genson,* 135 Ga. App. 248, 251 (2) (217 SE2d 479). However, a contractor is not "entitled to put on blinders and ignore serious and dangerous defects in a design given to the contractor to execute." *Shetter v. Davis Bros.,* 163 Ga. App. 230, 231 (293 SE2d 397). See also Restatement of the Law, Second, Torts § 404, Comment a., p. 364. The record shows that the defendant had constructed a number of similar buildings, that drains of the type in question were a standard item installed in this type building, and there was nothing unusual in the location of the specific floor drain in question. The record, thus, affirmatively shows a lack of notice to defendant that the drain was dangerous and might cause injury.

Additionally, we would point out that the case sub judice differs from *Shetter v. Davis Bros.,* 163 Ga. App. 230, supra. In *Shetter,* the summary judgment in favor of the contractor was reversed, holding that a question of fact remained as to ". . . whether the defect, if it exists, is readily observable on reasonable inspection." In the case sub judice the plaintiff admits that the protruding floor drain was observable and that she was warned of its being there; that she did, in fact, know of its existence and that she had been told to be careful.

As no genuine issue of material fact remains the trial court was correct in granting defendant's motion for summary judgment.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 8, 1983.

*William D. Sparks,* for appellant.
*Joe B. Sartain, Jr., Robert L. Husby, Jr.,* for appellee.