45391. THE FLAGLER COMPANY et al. v. SAVAGE.
45392. KRAUSE v. SAVAGE.
(368 SE2d 504)

MARSHALL, Chief Justice.

Ron Savage and a group of his friends had a few drinks at the Rusty Scupper Restaurant on Windy Hill Road and Interstate North, in Cobb County. When the restaurant closed at about 2:00 a.m., Ron left his automobile in the restaurant's parking lot, and he and his friends left to continue their drinking and/or entertainment elsewhere. When he returned to retrieve his automobile at around 3:00 a.m., he walked into the "woods" to relieve his bladder, only to fall 70 feet to his death over a concealed precipice adjacent to the parking lot, the lack of warnings or barricades at which formed the basis of this wrongful-death action by his mother. Defendant Borel-Stouffer, which is not an appellant herein, was a former owner of the property, and it constructed the restaurant and parking lot pursuant to building plans and specifications provided by its architect; the building contractor was defendant-appellant Flagler. After Flagler had completed construction of the restaurant and parking lot, the underlying fee was conveyed by Borel-Stouffer to defendant-appellant Krause, who proceeded to lease the property back to Borel-Stouffer for a period of 25 years. The trial court granted summary judgment in favor of Flagler and Krause, among others. A majority of the Court of Appeals reversed. *Savage v. Flagler Co.,* 185 Ga. App. 334 (364 SE2d 52) (1987). (See that opinion for a full statement of the facts.) We granted certiorari to review that ruling as to appellants Flagler and Krause.

1. *Case No. 45391 (Flagler).*

In determining whether an independent contractor is to be held liable for damages resulting from the work in connection with which he has been employed, . . . it is usually necessary to look for guidance to the question whether the injury resulted from the improper plans or directions by which his employment was defined, or from the improper execution of work properly planned. In such cases, if it appears that the contractor has followed the plans and directions of his employer and injury has resulted, the employer, and not the contractor, is to be held liable. For unskillful or negligent ex-

ecution of the work the contractor (and usually not the employer) is liable . . . It follows that if the landlord designs the construction of the work or outlines the nature of the repairs that are to be done, the independent contractor incurs no liability to the tenant for injuries resulting from improper construction or inadequacy of the repairs, if he follows the directions given him and is not guilty of negligence in the particular manner in which he performs the specific work he has contracted to do.

*Bell & Son v. Kidd & Roberts*, 5 Ga. App. 518, 520 (63 SE 607). See also *PPG Indus. v. Genson*, 135 Ga. App. 248, 251 (2) (217 SE2d 479).

However, a contractor is not 'entitled to put on blinders and ignore serious and dangerous defects in a design given to the contractor to execute.' *Shetter v. Davis Bros.*, 163 Ga. App. 230, 231 (293 SE2d 397). See also Restatement of the Law, Second, Torts § 404, Comment a., p. 364.

*Cooper v. Garmon Bros. Contractors*, 166 Ga. App. 839 (305 SE2d 499) (1983).

The evidence here showed that, after the bids for the work were submitted by various construction companies, defendant/then-owner Borel-Stouffer deleted a protective structure from the plans and specifications. Flagler, an independent contractor, built the restaurant and premises according to the plans and specifications, which had been modified so as to move the parking lot back far enough to just clear the precipice. The completed project was approved by the then owner, Borel-Stouffer, and the architect, both of which were aware of the existence of the precipice and the lack of any protective warnings or barricades. Flagler did not participate in the design of the project, was not called upon to maintain or inspect it after its acceptance, and actually informed the property owner of this particular danger. The injury here thus was caused by a static condition *adjacent* to the project, of which the owner, as well as the architect, was completely aware, rather than by improper construction by the independent contractor, and this dangerous condition was remediable by the property owner after construction of the parking lot by Flagler.

*Powell v. Ledbetter Bros.*, 251 Ga. 649, 651 (307 SE2d 663) (1983); *Shetter v. Davis Bros.*, 163 Ga. App. 230, supra, p. 231; and *Cooper v. Garmon Bros. Contractors*, 166 Ga. App. 839, supra, p. 840, are consequently inapposite.

Accordingly, the evidence showed as a matter of law that Flagler violated no duty to the plaintiff's decedent; therefore, summary judg-

ment was properly granted in favor of this defendant.

2. *Case No. 45392 (Krause)*. There was evidence from which a jury could find that the plaintiff's decedent was a licensee at the time he met his death on owner Krause's premises. "The owner of the premises is liable to a licensee only for willful or wanton injury." OCGA § 51-3-2 (b). However, " 'it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or reasonably is expected to be, within the range of a dangerous act being done.' " *Barry v. Cantrell*, 150 Ga. App. 439, 440 (258 SE2d 61) (1979) and cits.

The evidence here was that the defendant-present owner, Krause, had given up possession and control of the premises under a 25-year lease.

> Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, *the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.* [Emphasis supplied.]

OCGA § 44-7-14.

> The liability of a landlord for defective construction exists only in cases where the structure is built by him in person or under his supervision or direction. *If a building were defectively constructed by a predecessor in title, and the landlord knew or by the exercise of reasonable diligence could have known of its improper construction before the tenancy was created, he would be answerable to the tenant, or to any one lawfully on the premises by invitation of the tenant, for injuries sustained by reason of his failure to put the premises in a safe condition, if the person sustaining the injuries could not have avoided the same by the exercise of ordinary care.* [Emphasis supplied.]

*Ross v. Jackson*, 123 Ga. 657, 659 (51 SE 578) (1905).

Nor was the lease contract provision relieving the defendant landlord of the obligation to keep the premises in repair, effective as against third persons lawfully on the premises, even if the tenant knew of the defective condition. *Birdsey v. Greene*, 176 Ga. 688 (168 SE 564) (1933).

There being genuine issues of material fact as to the liability of Krause, it was not error to reverse the grant of summary judgment in his favor.

*Judgment reversed in Case No. 45391. All the Justices concur, except Smith and Gregory, JJ., who dissent. Judgment affirmed in Case No. 45392. All the Justices concur, except Bell, J., who dissents.*

DECIDED JUNE 1, 1988 —
RECONSIDERATION DENIED JUNE 22, 1988.

*Freeman & Hawkins, Michael J. Goldman,* for appellant (case no. 45391).
*Long, Weinberg, Ansley & Wheeler, J. Kenneth Moorman, Alan L. Newman,* for appellant (case no. 45392).
*Johnson & Treadaway, Julian M. Treadaway, Carter & Ansley, Tommy T. Holland, Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Wasson, Sours & Harris, John D. Sours,* for appellee.