## A90A0378. CITY OF SWAINSBORO v. RINER.
(393 SE2d 519)

DEEN, Presiding Judge.

Loree Riner entered a building owned by the City of Swainsboro, slipped and fell on the recently waxed floor, and was injured. It was raining and an indoor mat had been removed. The building was occupied by the Emanuel County Child Development Center (CDC), a non-profit corporation formed under the auspices of the city. Mrs. Riner was entering the building to obtain a free hot meal provided to senior citizens by the Emanuel County Nutrition Center. Suit was brought against the city, the CDC, and the cleaning service that waxed the floor. The city appeals from the denial of its motion for summary judgment. *Held*:

The city contends that it did not have possession or control over the premises which would place it on actual or constructive notice of

the alleged defect.

Under OCGA § 44-7-1 (a), the landlord does not grant the tenant an estate. Instead, he has a mere right of use of the property. Under OCGA § 44-7-14, if the landlord has "fully parted with possession, [he] is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair." See *Flagler Co. v. Savage*, 258 Ga. 335, 337 (2) (368 SE2d 504) (1988); *Spence v. C & S Nat. Bank* 195 Ga. App. 294 (___ SE2d ___) (1990).

In reviewing the applicable statutory law, the court in *Thompson v. Crownover*, 259 Ga. 126, 128 (377 SE2d 660) (1989), held that the public policy in this state favors the imposition of "landlord liability for damages to others from defective construction and failure to keep his premises in repair."

In this case there was no written lease between the city and the CDC at the time Mrs. Riner was injured. A lease was drawn up and signed by the city, but it was not executed by the CDC, and its director was unaware of the lease's terms until it was shown to her when her deposition was taken. There was evidence that the CDC was operated by a board of directors, one of whom was appointed by the city. Moreover, the city had purchased and maintained insurance on the premises until 12 days before Mrs. Riner's fall. The city owned most of the personal property in the building, and had, on more than one occasion, paid for repairs to the premises. It did not, however, inspect the premises although it was free to do so at any time.

Applying the usual rules in ruling upon a motion for summary judgment, we find that the evidence presented to the trial court was sufficient to raise questions of fact requiring jury resolution as to whether the city had parted with possession of the premises and whether it had any knowledge (actual or constructive) of the alleged defect.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 17, 1990.

*William H. McWhorter, Jr.*, for appellant.
*W. David Sims, Robert S. Reeves, Friedman, Haslam, Weiner & Ginsberg, Patrick T. O'Connor*, for appellee.
James O. Rountree, *pro se.*