## A02A2126. RAY v. SMITH et al.
(577 SE2d 807)

MIKELL, Judge.

Priya Ray sustained serious spinal cord and head injuries when she fell inside a warehouse owned by William C. Smith and MCW Family Limited Partnership ("Smith") and leased to Brian Kinchelowe ("tenant") for use as a residential loft. The tenant had installed a portable skateboard ramp inside a portion of the premises. On the date of the incident, he was hosting a party with a live band. Ray, who attended the party, apparently climbed to the top of the ramp to view the band and fell 15 feet to the ground, either through an opening in the surface or the surface itself. She sued Smith to recover damages for her injuries, contending that he failed to properly maintain and inspect the leased premises and violated OCGA § 51-3-1 by failing to exercise ordinary care in keeping the premises safe. Smith moved for summary judgment pursuant to OCGA § 44-7-14, which, under certain circumstances, absolves an out-of-possession landlord from liability to a third person who is injured on leased property. The trial court granted the motion, and Ray appeals. We affirm.

OCGA § 44-7-14 provides:

> Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

"The code section makes it clear that a landlord who relinquishes possession of the premises cannot be liable to third parties for damages arising from the negligence of the tenant."[1] Ray's sole argument on appeal is that Smith had not fully relinquished possession of the premises to the tenant. The record, however, is devoid of any evidence to support this assertion.

Ray contends that a clause in the lease restricting the tenant's

---

[1] (Citation omitted.) *Colquitt v. Rowland*, 265 Ga. 905, 906 (1) (463 SE2d 491) (1995).

use of the warehouse to the operation of a loft and requiring the tenant to obtain Smith's permission to modify the premises created an issue of fact as to whether Smith fully surrendered possession. This argument is not persuasive. The case upon which Ray relies, *Ladson Investments v. Bagent*,[2] does not support her position. In *Ladson Investments*, we reversed a judgment entered on a jury's verdict holding a landlord liable to his tenant's employee for injuries resulting from the negligent maintenance of a grain elevator based on the trial court's refusal to charge the jury on OCGA § 44-7-14's predecessor statute.[3] Although we also held that the evidence did not demand a finding that the landlord had forfeited the right of possession to the elevator, this holding was based on the landlord's retention of the right to inspect the premises, coupled with evidence that the lease required the landlord to replace electrical equipment it had installed, including a switch that might have caused the elevator to malfunction.[4]

In the instant case, the uncontradicted evidence demonstrated that the allegedly defective ramp was installed by the tenant. Moreover, the lease provided that Smith's duty to repair extended only to the foundation, exterior walls, sidewalks, paved driveways, and parking areas and that the tenant was required to make all other repairs necessary to keep the premises safe. Specifically, the lease states that "Lessee shall make all other repairs . . . which may be necessary to keep the Premises in . . . good working order and repair and in a good, safe and substantial condition other than those specifically set forth . . . as the responsibility of Lessor." Finally, the lease provided that Smith was under no obligation to inspect the premises, although he was permitted to do so.

> While a landlord's reservation of a right to enter leased premises for the purpose of inspecting and repairing, coupled with a landlord's contractual or statutory obligation to keep certain conditions in repair may give rise to a duty to exercise ordinary care to inspect and keep the premises safe, the duty to inspect arising from such a reservation clause is only commensurate with the scope of the obligation to repair.[5]

Ray has offered no evidence to show that Smith's obligation to repair certain portions of the premises or his reservation of a right to

---

[2] 151 Ga. App. 24 (258 SE2d 718) (1979).
[3] Id. at 26 (1), citing Code Ann. § 61-112.
[4] Id. at 26 (2).
[5] (Citations omitted.) Id. at 25 (1).

inspect them encompassed a duty to inspect or repair a portable skateboard ramp installed by the tenant. The landlord's retention of the right to inspect the leased premises "does not evidence such dominion and control of the premises so as to vitiate landlord's limited liability under OCGA § 44-7-14 and replace it with the liability imposed by OCGA § 51-3-1."[6] It follows that Smith has borne his burden on summary judgment by demonstrating the absence of evidence on at least one essential element of Ray's case.[7]

Finally, we note that Ray presented no evidence to show that Smith knew of any alleged defect in the ramp itself prior to her injury. Smith testified that although he was aware of the ramp, he neither inspected it nor observed the manner in which it was constructed. Accordingly, he cannot be held liable under the exception to OCGA § 44-7-14 for injuries to third parties caused by a dangerous or hazardous condition of which the landlord has notice.[8]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 23, 2003 —
RECONSIDERATION DENIED FEBRUARY 19, 2003.

*Robert A. Elsner*, for appellant.
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson*, for appellees.

---

[6] (Citations and punctuation omitted.) *Johnson v. Loy*, 231 Ga. App. 431, 435 (2) (499 SE2d 140) (1998).

[7] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

