**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 15, 2016**

# In the Court of Appeals of Georgia

A15A2036. COWART v. SCHEVITZ. BO-100

BOGGS, Judge.

In this trip and fall action, the defendant, Joseph Cowart, moved for summary judgment, asserting that the plaintiff, Ada Schevitz failed to exercise ordinary care for her own safety, and that pursuant to OCGA § 44-7-14 he is an out-of-possession landlord and not liable to third persons for the use of the property by his tenant. The trial court denied Cowart's motion but certified its decision for immediate review, and this court granted his application for interlocutory appeal. Because Cowart was entitled to summary judgment, we reverse.

"Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and

all inferences in a light most favorable to the nonmoving party." (Citation and punctuation omitted.) *Seki v. Groupon, Inc.*, 333 Ga. App. 319 (775 SE2d 776) (2015). So viewed, the evidence showed that Cowart leased commercial property he owned to the operators of a restaurant. In October 2010, the lease was assigned to the operator of Asian Buffet through a note on the last page of the lease that it was being assigned and accompanying signatures of the original lessees, the new assignee, and Cowart.

On January 30, 2011, after dining at the restaurant with her family, Schevitz walked out of the exit door, stepped down off of the sidewalk near the bottom of a ramp and onto the parking lot, fell, and was injured. The ramp had no handrails. Schevitz's expert averred that the ramp was required by the building code to have railings and that had the "code-required railings been in place (which would have both assisted Ms. Schevitz in walking down ramp and, more importantly, have indicted[sic] a drop-off between the exit area and the ramp), Mrs. Schevitz's fall would more than likely not have occurred."[1] It is undisputed that Schevitz was not

_____

[1]Schevitz deposed that she stepped off of the sidewalk and onto the even pavement of the parking lot, and indicated on the photograph of the entry and exit to the restaurant that she stepped onto an area at the bottom of the ramp. She stated further that she was aware that there was a step-up from the parking lot onto the sidewalk from her previous visit to the restaurant two weeks before her fall.

2

walking down the ramp when she fell. She testified that she did not "see the step and the drop-off" because she "wasn't looking for it." The photographs in the record reveal that the ramp provides access to the sidewalk in front of the restaurant from the parking lot as a replacement for the one-step up onto the sidewalk.

Schevitz filed a premises liability claim against Cowart and Asian Buffet seeking medical expenses and the costs of litigation. She later settled her claim against Asian Buffet. After some discovery, Cowart moved for summary judgment, and the trial court denied it without comment.

On appeal, Cowart first argues that because he is an out-of-possession landlord, he is not liable to Schevitz. Schevitz counters that Cowart is not an out-of-possession landlord because he "retained the type of control over the property that would deem [him] a typical, in-possession landlord." She asserts that Cowart's liability is therefore governed by OCGA § 51-3-1 (duty of owner or occupier of land to invitee). The lease agreement provided that the lessee would maintain the physical condition of the property and perform all maintenance. It also provided that the lessee could relocate the bathrooms, but any additional physical changes were to be approved by the lessor and paid for by the lessee, and that the "[l]essor has the right at any time to inspect the property." We have held that

3

landlords still fully part with possession of leased premises when they retain limited entry or inspection rights for landlord-related purposes. Such limited rights do not evidence such dominion and control of the premises so as to vitiate the landlord's limited liability imposed by OCGA § 44-7-14 and replace it with the liability imposed by OCGA § 51-3-1. However, if the landlord undertakes to inspect the property, he has a duty to repair any unsafe conditions which should have been discovered in the inspection. To say otherwise would be to impose absolute liability upon landlords for all defective conditions which could have been repaired before the injury.

(Citations and punctuation omitted.) *Watts & Colwell Builders, Inc. v. Martin*, 313 Ga. App. 1, 6 (3) (720 SE2d 329) (2011). Schevitz contends that because the lease required Cowart to approve of any physical changes, he maintained control of the premises as would an in-possession landlord. But this court has previously rejected this argument. See *Ray v. Smith*, 259 Ga. App. 749, 749-750 (577 SE2d 807) (2003). The uncontroverted evidence here showed that Cowart parted with possession of the leased premises though retaining the right of inspection. He is therefore an out-of-possession landlord. See *Watts*, supra.

Cowart argues that as an out-of-possession landlord, he cannot be liable. The tort liability of an out-of-possession landlord is governed by OCGA § 44-7-14. That Code section provides:

4

Having fully parted with possession and the right of possession, the landlord is not responsible to third persons for damages resulting from the negligence or illegal use of the premises by the tenant; provided, however, the landlord is responsible for damages arising from defective construction or for damages arising from the failure to keep the premises in repair.

Generally, "[t]he liability of a landlord for defective construction exists only in cases where the structure is built by him in person or under his supervision or direction." (Citation omitted.) *The Flagler Co. v. Savage*, 258 Ga. 335, 337 (2) (368 SE2d 504) (1988); see also *Rainey v. 1600 Peachtree, LLC*, 255 Ga. App. 299, 301-302 (565 SE2d 517) (2002) (general rule of OCGA § 44-7-14 does not apply where landlord did not construct premises with defective step). However, the Georgia Supreme Court in *Flagler*, supra, created an exception to this rule:

If a building were defectively constructed by a predecessor in title, and the landlord knew or by the exercise of reasonable diligence could have known of its improper construction before the tenancy was created, he would be answerable to the tenant, or to any one lawfully on the premises by invitation of the tenant for injuries sustained by reason of his failure to put the premises in a safe condition, if the person sustaining the injuries could not have avoided the same by the exercise of ordinary care.

5

(Citation and emphasis omitted.) 258 Ga. at 337 (2).

With regard to defective construction by a predecessor in title, our court has held that an out-of-possession landlord:

> may be held liable only for those structural defects that would be discovered during a pre-purchase building inspection. Such out-of-possession landlord is not liable for all defects because ordinary care in the fulfillment of the landlord's duty to keep the premises in repair does not embrace an affirmative duty to make such an inspection of the premises as will disclose the existence of any and all latent defects which may actually exist therein. This would be but to place upon the landlord an absolute duty to rent premises free from latent defects. It follows that a proper application of the landlord's duty to inspect premises does not, under any theory, result in making the landlord liable for a latent defect in the premises, simply because it existed at the time of the lease.

(Citation, punctuation and footnote omitted.) *Rainey*, supra, 255 Ga. App. at 301-302.

The evidence here showed that the ramp was not built by Cowart or Asian Buffet but by a prior lessee who did not obtain Cowart's approval before construction. Because the ramp was not constructed by Cowart nor constructed under his supervision or direction, liability is precluded under OCGA § 44-7-14. In an attempt to fall within the *Flagler* exception, Schevitz points to Cowart's deposition

6

testimony that he was aware of the ramp on the occasions he entered the restaurant to pick up rent payments. But we have held this exception inapplicable and concluded that "there is no exception[,] where . . . the out-of-possession landlord merely retained the right to approve the tenant's construction of an improvement to the premises." *Cowart v. Crown American Properties*, 258 Ga. App. 21, 24 (3) (572 SE2d 706) (2002). Merely viewing a ramp while picking up rent simply cannot be equated with a pre-purchase building inspection.

Even if the predecessor-in-interest exception of *Flagler* did apply here, Cowart would still be entitled to summary judgment. While Cowart undoubtedly knew about the ramp and sidewalk, that they constituted a structural defect was not obvious to him, unlike the alleged defect in *Flagler*, supra, in which the exception to OCGA § 44-7-14 was first created. 258 Ga. at 335 (concealed precipice with no barracade or warning and adjacent to a parking lot; plaintiff fell 70 feet to his death). Rather, this case is similar to *Rainey*, supra, in which the plaintiff fell on a step that she described as unsafe upon exiting a building and her expert testified that the uneven steps and small landing did not comply with the building code. 255 Ga. App. at 299-300. We explained there that the *Flagler* exception is viable only where a plaintiff can establish the landowner's superior knowledge of the perilous condition. Id. at 301.

We concluded due to nature of the alleged defect (steps unequal as to height, length and width and landing not the same width as door as required by the building code), the case did not come within the narrow exception created by *Flagler* and rejected the plaintiff's expert engineer's opinion that the alleged defect caused the fall. Id. at 302. We explained that "[t]he standard to which we hold the out-of-possession landlord is not what defect could have been discovered after a fall -- with the benefit of hindsight and an examination of the specific scene -- but what defect would have been discovered during a routine building inspection." Id.

There is no evidence to show that Cowart knew that the building code required a rail for the ramp prior to Schevitz's injury. He did not inspect it or observe the manner in which it was constructed, and there was no evidence that the alleged defect was one that would have been discovered routinely. See *Ray v. Smith*, 259 Ga. App. 749, 751 (577 SE2d 807) (2003) (although landlord was aware of ramp, he did not inspect or observe its construction, and was therefore not liable for injuries caused by dangerous condition of which he had no notice). Liability is therefore precluded under the general rule of OCGA § 44-7-14, and Cowart is entitled to summary judgment.[2]

---

[2] Cowart's remaining arguments are rendered moot by our reversal here.

*Judgment reversed. Doyle, C. J. and Phipps, P. J., concur.*