**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 16, 2021**

# In the Court of Appeals of Georgia

A21A0270. BENNETT v. McPHATTER.

MARKLE, Judge.

After Angela McPhatter was injured when she fell through a broken board on the deck of the home rented by Brenda Daughtry and owned by James A. Bennett, she filed a premises liability and negligence suit against Daughtry and Bennett. The trial court denied Bennett's motion for summary judgment. Bennett filed this interlocutory appeal, contending that, as an out-of-possession landlord, he was not liable to McPhatter for her injuries because (1) he had no knowledge of an alleged defective condition of the deck, and thus no duty to inspect and repair it; and (2) he cannot be held liable for defective construction of the deck. Because we conclude that there were no genuine issues of material fact with respect to Bennett's liability in this

regard, the trial court erred in denying summary judgment. We therefore reverse the trial court's order.

> In order to prevail on a motion for summary judgment under OCGA § 9-11-56,[Bennett], as the moving party, must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation omitted.) *In/Ex Systems, Inc. v. Masud*, 352 Ga. App. 722, 723 (2) (835 SE2d 799) (2019).

So viewed, the record shows that Bennett owned a home in Savannah, Georgia, which he subsequently leased to Daughtry. In March 2014, McPhatter was Daughtry's guest at the home when she walked out onto the back deck of the property and fell through a board, sustaining injuries. Thereafter, McPhatter filed a premises liability suit against Daughtry and Bennett, raising various allegations of negligence, including that the board that broke was inadequately supported.[1]

---

[1] McPhatter originally filed suit in 2016, which she voluntarily dismissed and filed a timely renewal action in 2018.

Bennett filed a motion for summary judgment, asserting that he was an out-of-possession landlord and that (1) he was not liable to McPhatter for her injuries because he had no knowledge of any alleged defective condition with the deck and he had no duty to repair, and (2) he was not liable for any alleged defective construction of the deck.

In his deposition, Bennett stated he owned the home for 17 years and used it as a rental property. The deck was part of the home when Bennett purchased it, and he inspected the home when he first bought it, and conducted inspections every time there was a new tenant. Bennett stated that he was unaware of any defective condition with the deck prior to McPhatter's fall; he had never had a previous complaint concerning the deck; and he did not notice a problem with it when he conducted a walk-through with Daughtry prior to renting the property to her.[2]

In an affidavit, Daughtry admitted that, some months after moving into the home, she became aware of the weakened condition of the board on the deck, and she warned McPhatter about it prior to her fall, but she did not advise Bennett of the

_____

[2] Bennett had a lease agreement with Daughtry, but it has not been produced for the record. However, Bennett testified that Daughtry had lived in the home several months prior to McPhatter's fall.

deck's condition until after the accident. McPhatter averred that she was unaware of any defects or dangerous conditions involving the deck.

Following a hearing , the trial court denied Bennett's summary judgment motion, finding that there were genuine issues of material fact with regard to (1) whether McPhatter's damages resulted from Daughtry's negligence or illegal use of the premises; (2) whether under both OCGA §§ 44-7-13 and 44-7-14 Bennett failed to keep the premises in repair; and (3) whether Bennett should have discovered the unsafe condition of the deck during his walk-through with Daughtry before leasing the home to her. The trial court then certified its order for immediate review, and, after we granted the interlocutory application, this appeal followed.

On appeal, Bennett argues that the trial court erred in denying his motion for summary judgment because, under OCGA § 44-7-14, he was an out-of-possession landlord at the time of McPhatter's fall, and thus he is not liable for her injuries because he did not construct the deck, had no knowledge of the deck's defective condition, and had no duty to inspect or repair it.[3] We agree.

---

[3] Although McPhatter argues liability under both OCGA §§ 51-3-1 and 44-7-14, the law is clear that Bennett's liability is governed exclusively by OCGA § 44-7-14. See *Cham v. ECI Mgmt. Corp.* ,__ Ga. __ (2) (a) (856 SE2d 267, 272-273 (2) (a)) (2021); see also *Colquitt v. Rowland*, 265 Ga. 905, 906 (1) (463 SE2d 491) (1995). Here, it is undisputed that Bennett owned the property, but did not reside at the home,

4

(a) *Knowledge of defect*.

Because Bennett was an out-of-possession landlord under OCGA § 44-7-14 at the time of McPhatter's fall and injuries, he is liable in tort only for McPhatter's damages that result either from his failure to repair the deck or from its faulty construction. *Martin v. Hansen*, 326 Ga. App. 91, 92 (1) (755 SE2d 892) (2014). Bennett's liability is predicated on his knowledge of the defect. See *Martin*, 326 Ga. App. at 92 (1); see also *Aldredge v. Byrd*, 341 Ga. App. 300, 303-304 (1) (799 SE2d 263) (2017); *Haynes v. Kingstown Properties, Inc.*, 260 Ga. App. 102, 103 (578 SE2d 898) (2003). However, Bennett had no absolute duty to inspect the deck prior to leasing the house, particularly where there was no reason to believe an inspection was

---

and that, as Daughtry averred, Bennett had rented the home to her at the time of McPhatter's fall. McPhatter suggests that Bennett's failure to produce the lease creates a question with regard to whether he ceded possession of the premises such that he can be considered an out-of-possession landlord. However, the absence of a written lease agreement does not contradict other evidence showing that Bennett was not in possession of the home at the time of McPhatter's fall. See *Mannion & Mannion, Inc. v. Mendez*, 355 Ga. App. 28, 32 (842 SE2d 334) (2020) (evidence which is mere conjecture and speculation cannot defeat summary judgment in the face of uncontroverted evidence showing otherwise). Thus, we conclude that, at all times relevant to this matter, Bennett was an out-of-possession landlord and thus any tort liability arises under OCGA § 44-7-14. See *Cham*, __ Ga. at (2) (a) (856 SE2d at 272 (2) (a)); see also *Colquitt*, 265 Ga. at 906 (1).

5

necessary. See *Lonard v. Cooper & Sugrue Properties, Inc.*, 214 Ga. App. 862, 864 (449 SE2d 348) (1994).

Bennett testified that he was unaware of any problem or defect with the deck, he had never had a previous complaint concerning the deck, and he did not notice a problem with the deck when he conducted a walk-through with Daughtry prior to renting the property to her. Daughtry admitted she did not advise Bennett of the weakened board. As such, Bennett had neither actual or constructive knowledge of the defect.

McPhatter has produced no other evidence that Bennett either knew or should have known that the deck needed repair. To the extent that McPhatter contends that Bennett knew or should have known of the defect because he lived only a few blocks away and would stop by monthly to collect the rent check, such conduct does not raise a question of fact as to Bennett's knowledge of the deck's condition. Also, Bennett had no right to enter the property without Daughtry's permission to discover the deck's condition. See *Colquitt*, 265 Ga. at 906 (1). Moreover, in the absence of any evidence Bennett had either actual or constructive knowledge of the dangerous condition, ordinary diligence did not require Bennett to inspect the deck. *Lonard*, 214

6

Ga. App. At 865. Accordingly, Bennett is entitled to summary judgment on this issue. *Aldredge*, 341 Ga. App. at 304 (1).

(b) *Defective construction*.

Turning to Bennett's liability for faulty construction,

[g]enerally, the liability of a landlord for defective construction exists only in cases where the structure is built by him in person or under his supervision or direction. . . With regard to defective construction by a predecessor-in-title, our court has held that an out-of-possession landlord may be held liable only for those structural defects that would be discovered during a pre-purchase building inspection. Such out-of-possession landlord is not liable for all defects because ordinary care in the fulfillment of the landlord's duty to keep the premises in repair does not embrace an affirmative duty to make such an inspection of the premises as will disclose the existence of any and all latent defects which may actually exist therein. This would be but to place upon the landlord an absolute duty to rent premises free from latent defects. It follows that a proper application of the landlord's duty to inspect premises does not, under any theory, result in making the landlord liable for a latent defect in the premises, simply because it existed at the time of the lease.

(Citations and punctuation omitted.) *Cowart v. Schevitz*, 335 Ga. App. 715, 717-718 (782 SE2d 816) (2016).

7

It is undisputed that Bennett did not build, or direct another to build, the deck, and thus he cannot be held liable for faulty construction unless the defect would have been discovered during an inspection. *See Cowart*, 335 Ga. App. at 717-718. McPhatter has produced no evidence showing that Bennett had any knowledge of an alleged defective condition of the deck, or that one would have been discovered during the pre-purchase inspection or even during the walk-throughs with tenants.[4] Accordingly, Bennett cannot be held liable for defective construction. *Cowart*, 335 Ga. App. at 717-718.

While issues of a landlord's negligence are generally not susceptible to summary adjudication, "when, as here, the evidence is plain, palpable, and

---

[4] McPhatter's expert opined that when a landlord observes rot on the deck or a connection failure of any sort, he should repair or replace it. However, the record is devoid of any evidence that Bennett knew of any such rot or defect with the deck, or that any such defective condition existed at the time he purchased the home or when he rented it to Daughtry. Also, Bennett points to excerpts from McPhatter's expert's deposition where he allegedly indicated that he could not testify as to the age or condition of the board in question at the time of McPhatter's fall, nor could he testify to how old the deck was. However, these excerpts from the expert's deposition do not appear to be in the record before this Court. Likewise, McPhatter argues that Bennett violated the International Property Maintenance Code (IPMC) by failing to maintain the deck in good condition. However, no ordinance is in evidence here. See *Whitfield v. City of Atlanta*, 296 Ga. 641, 642 (769 SE2d 76) (2015) ("City and county ordinances must be alleged and proven in order to be considered by the superior and appellate courts of this State.")

8

undisputable the trial court can and should conclude that a party is entitled to judgment as a matter of law." (Citation and punctuation omitted.) *River Place at Port Royal Condo. Assn., Inc. v. Sapp*, __ Ga. App. __ (856 SE2d 28, 32) (2021).

For these reasons, the trial court erred in denying Bennett's motion for summary judgment, and we reverse.

*Judgment reversed. Barnes, P. J., and Gobeil, J., concur*.